## COMMONWEALTH *vs.* JAMES H. NICHOLS.

When a person charged with the commission of a crime becomes a witness, under St. 1870, c. 393, § 1, cl. 3, and testifies that he did not commit it, he waives his constitutional privilege as to criminating himself, and may be cross-examined as to everything relevant to the issue.

Upon the trial of an indictment for adultery, evidence of other acts of adultery committed by the same parties, near the time charged, though in another county, is admissible to support the indictment.

INDICTMENT alleging that the defendant, June 25, 1872, at Brighton, in the county of Middlesex, committed adultery with one Antoinette M. Morris.

At the trial in the Superior Court, before *Pitman*, J., the defendant testified in his own behalf that he never had criminal in-

tercourse with Antoinette M. Morris in Middlesex County. On cross-examination he was asked this question, " Did you within a few weeks either way have criminal intercourse with Miss Morris anywhere ? " He declined to answer the question on the ground that it would tend to criminate him, but the court ruled that he must answer. He then declined to answer on the further ground that proceedings against him for adultery with the same person had been commenced in another county, and that, on that account, he was not bound to furnish evidence against himself ; but the court ruled he must answer, and he answered, " I did."

The defendant requested the court to rule that the evidence of Antoinette M. Morris must be considered as that of an accomplice, and must be corroborated in some material particular which directly showed that the defendant committed the crime alleged. The court ruled that she was to be regarded as an accomplice, but that if the jury believed the defendant's answer that he had had criminal intercourse with her at about the time alleged in the indictment, although not in Middlesex County, that was a sufficient corroboration of her testimony in a material fact.

The jury returned a verdict of guilty, and the defendant alleged exceptions.

*G. A. Somerby,* for the defendant.

*W. G. Coburn,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth.

GRAY, C. J. By the common law, a witness cannot be obliged to criminate himself, and may therefore refuse to testify to any facts which will tend to prove him guilty of a crime. But his refusal must be made at the beginning of his examination upon the issue whether a crime has been committed by him. If he answers any questions upon that subject, he cannot afterwards interpose his privilege, but is liable to be fully examined and cross-examined upon the matter. *Foster* v. *Pierce,* 11 Cush. 437. *Commonwealth* v. *Price,* 10 Gray, 472.

A party to the cause, who voluntarily offers himself as a witness, is entitled to no more, and in some respects to less, protection than a third person who testifies in obedience to a summons. A party taking the stand as a witness in his own behalf may be

cross-examined in relation to a communication between himself and his counsel, as to which the latter would not be allowed to testify. *Woburn* v. *Henshaw*, 101 Mass. 193. And a refusal to answer a question, on the ground that it might criminate him, is competent evidence against him, when it would not be against an ordinary witness. *Andrews* v. *Frye*, 104 Mass. 234. In *Norfolk* v. *Gaylord*, 28 Conn. 309, the defendant in a bastardy process having testified that he had had no criminal intercourse with the complainant for a period of several months, including the time when she had testified that the child was begotten, was held to be liable to be cross-examined as to such intercourse, although he claimed to be exempt from answering, on the ground that it took place at an earlier period, and, upon being compelled by the court to answer the questions, so testified.

The twelfth article of the Declaration of Rights, prefixed to the Constitution of the Commonwealth, declares that no subject shall be compelled to answer or furnish evidence against himself. The recent statutes allowing a person accused of crime to testify upon his trial, (which he could not do at common law,) provides, in order to secure this constitutional privilege, that he " shall, at his own request, but not otherwise, be deemed a competent witness," and that his neglect or refusal to testify shall not create any presumption against him. Sts. 1866, *c.* 260 ; 1870, *c.* 393, § 1, *cl.* 3. The object of these statutes is not to protect or assist criminals, but to promote the discovery of truth, so far as can be done without infringing the constitutional rights of the subject. If the accused chooses not to be a witness, he cannot be compelled to testify, and no inference prejudicial to him is to be drawn from his silence. *Commonwealth* v. *Harlow*, 110 Mass. 411. But if he puts himself on the stand as a witness in his own behalf, and testifies that he did not commit the crime imputed to him, he thereby waives his constitutional privilege, and renders himself liable to be cross-examined upon all facts relevant and material to that issue, and cannot refuse to testify to any facts which would be competent evidence in the case, if proved by other witnesses. *Commonwealth* v. *Lannan*, 13 Allen, 563. *Commonwealth* v. *Mullen*, 97 Mass. 545.

Acts of adultery between the defendant and the same woman, near the time of the adultery for which he was indicted in this case, though committed in another place, were competent to be proved in support of ' this indictment. *Thayer* v. *Thayer*, 101 Mass. 111. The bill of exceptions does not show that any objection was made to their admissibility because of remoteness in point of time, nor that the testimony of the defendant in relation to them did not corroborate the testimony of the woman upon a material point, nor even what her testimony was. The defendant has therefore no just ground of exception to the course of proceeding at the trial. 　　　　　*Exceptions overruled.*