THE STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. THOMAS L. SNOVER, PLAINTIFF IN ERROR.

Submitted July 9, 1900—Decided November 19, 1900.

1. In prosecutions for adultery evidence of prior offences of like character between the same parties is admissible after or in connection with evidence of the particular carnal act shown; such evidence is admissible although it may show that the accused was guilty of an extraneous offence.
2. The evidence so adduced being merely corroborative of the offence charged, the fact that the prior offence was committed in another county will not be a bar to its admission.
3. The competency of this evidence, the admission of which arises under an exception to the general rule excluding the proof of extraneous offences, arises from the fact that it proves the relations and mutual disposition of the parties.

On error to the Supreme Court. For opinion of the Supreme Court, see 35 *Vroom* 65.

For the plaintiff in error, *William H. Morrow.*

For the defendant in error, *George A. Angle,* prosecutor of the pleas.

The opinion of the court was delivered by

HENDRICKSON, J. The plaintiff in error was convicted of the crime of adultery in the Warren Quarter Sessions. Upon writ of error the Supreme Court affirmed the judgment. The case is here for further review.

The only exception that has been argued and that need be noticed is one taken to the ruling of the trial judge in the admission of certain evidence tending to show a previous act of adultery between the parties to the offence charged. The facts sufficiently appear in the opinion of the Supreme Court found in 35 *Vroom* 65.

The evidence objected to is that of a witness who, among other things, testified that in the spring of 1897 he attended the moving of one Brink, who moved from the county of Warren to the county of Sussex; that the defendant and H. W. were at said moving; that he (witness) stayed at said Brink's, in Sussex county, all night; that the defendant and the said H. W. also stayed at Brink's house that night, and that the defendant and the said H. W. occupied the same room that night at Brink's.

The record shows that the adulterous act for which the defendant stands convicted was committed by him with the said H. W., a married woman, in said county of Warren, on October 1st, 1897.

The evidence was objected to on the ground that it tended to show a separate and distinct offence, committed in another county, not embraced in the indictment.

The Supreme Court sustained the action of the trial judge in admitting the evidence objected to on two grounds.

The first ground is stated in the opinion in this wise: "As

stated in the bill of exceptions, which is all we have, the fact is not inculpatory. The room was without privacy; it is not even described as a bed-room or sleeping apartment; others who stayed all night.after the moving may have used it. A bad construction will not be supplied."

It is contended on behalf of the plaintiff in error that this view of the Supreme Court is erroneous.

I find myself unable to concur in this mode of disposing of the exception.

It must be observed that this evidence stands upon the record unexplained by the defendant or any other witness.

And standing thus, I cannot say that the circumstances thus established had no tendency to prove improper relations between these parties.

And since the evidence has such a tendency in such a degree at least, the weight and sufficiency of it is for the jury to determine. 1 *Greenl. Evid.* 49. Evidence of this character cannot be overruled or excluded on the ground that it fails to establish satisfactorily the adulterous act.

It was so held in the case of *People* v. *Dimick,* 107 *N. Y.* 13, where, upon a charge of false pretences, the learned judge who delivered the opinion sustaining the admission of the evidence of other like offences in proof of the intent, remarked that the proof as to the other crimes may have been inconclusive, but the people had the right to give it and have it submitted to the jury, with proper instructions, for their consideration.

But the Supreme Court has sustained the ruling complained of upon the further ground that the evidence of other like acts between the parties is admissible to prove the disposition of the parties towards each other; that such evidence is an exception to the general rule excluding the proof of collateral crimes against a defendant in a criminal prosecution.

We are asked to reverse this ruling also, and it is contended by counsel for the prisoner that the cases in this state which he cites are opposed to this proposition. It is undoubtedly the general rule, as stated by Chief Justice Depue in speak-

ing for this court in the late case of State *v.* Bullock, that on the trial of an accused for a crime it is not competent to prove that he committed other crimes of a like nature for the purpose of showing that the accused would be likely to commit the crime charged in the indictment, citing the New Jersey cases. 47 *Atl. Rep.* 62. While not denying the existence of exceptions to the general rule as suggested in the opinion, counsel insists that the evidence objected to does not come within such exception.

Among the exceptions to this general rule there is one that seems to be well recognized, as applying to the trial of offences involving illicit intercourse between the sexes. The principle is that, in prosecutions for adultery, evidence of prior acts of improper familiarity or adultery between the same parties is admissible after or in connection with evidence of the particular carnal act shown. The competency of this evidence arises from the fact that it proves the relations and mutual dispositions of the parties. 1 *Am. & Eng. Encycl. L.* 214; 2 *Whart. Cr. L.* (*9th ed.*) 1733; *Wharton Cr. Evid.* (*9th ed.*) 35; 1 *Am. Dig.* (*Cent. ed.*) 2013 § 30.

In *Commonwealth* v. *Thrasher,* 11 *Gray* 450, there was a distinction made between improper familiarity and the substantive act of adultery—prior acts of the former character being held admissible, but of the latter inadmissible. This doctrine was distinctly overruled by the Supreme Court of the same state in the later cases of *Thayer* v. *Thayer,* 101 *Mass.* 111, and in *Commonwealth* v. *Nichols,* 114 *Id.* 285.

Mr. Justice Van Syckel, in the recent case of *State* v. *Jackson, ante p.* 62, speaking for the Supreme Court of the state, fully affirms the doctrine I have just stated, and says that the later cases, which he cites, almost uniformly declare such evidence to be admissible.

It is urged that the rule of evidence thus avowed is at variance with the decisions in this state and is not embraced within the exceptions summarized in *State* v. *Raymond,* 24 *Vroom* 260. But, nevertheless, it seems clearly to be within the principle enunciated in that case by Mr. Justice Dixon, in delivering the opinion of the Supreme Court, where he says: "And, in general, it may be said that whenever the

defendant's guilt of an extraneous crime tends logically to prove against him some particular element of the crime for which he is being tried, such guilt may be shown." Again, he says: "There must appear between the extraneous crime offered in evidence and the crime of which the defendant is accused some other real connection beyond the allegation that they have both sprung from the same vicious disposition." This, I think, is a correct statement of the principle involved, and applying it to the case under consideration the evidence objected to contains the very criteria of the test suggested. If evidence had been offered to show that the defendant had committed adultery with a person other than the one referred to in the charge, it would have been clearly outside of this rule and inadmissible. But the offer is to prove a prior act of adultery between the same parties, thus evolving a circumstance, the logical effect of which would be, in connection with other circumstances, to throw light upon the offence charged, by showing the presence in the parties of the adulterous disposition toward each other. Upon a kindred principle, the admission of evidence pertaining to extraneous offences, where they furnish relevant circumstances in proof of the crime charged, was sustained in this court in *Mayer* v. *State,* 35 *Vroom* 323. There is no force in the contention that the evidence should be excluded because it related to an occurrence over the line in the adjoining county of Sussex. The defendant was not on trial for what occurred there, and hence the question of jurisdiction could not arise with regard to it. The ruling upon this point is sustained in the following cases: *Commonwealth* v. *Nichols,* 114 *Mass.* 285; *State* v. *Guest,* 100 *N. C.* 410; *Funderburg* v. *State,* 23 *Tex. App.* 392.

Upon these grounds my conclusion is that the judgment of the Supreme Court should be affirmed.

*For affirmance*—THE CHIEF JUSTICE, DIXON, COLLINS, FORT, BOGERT, HENDRICKSON, ADAMS, VREDENBURGH, VOORHEES. 9.

*For reversal*—None.