MODIFIED.

---

Argued 5 July, decided 1 August, rehearing denied 6 October, 1904.

### STATE v. EGGLESTON.

[77 Pac. 738.]

ADULTERY — CERTAINTY OF INFORMATION.

1. An information charging that defendant, on a specified day, in a certain county in the state, then and there being, did then and there unlawfully and feloniously commit the crime of adultery with a female commonly known by the name of C., he, the defendant, then and there being a married man, and the husband of A., and she, the said C., not being his wife, sufficiently charges that defendant was on the date of the alleged crime the husband of A., without the phrase "then and there" being repeated before the phrase "the husband of A."

ADULTERY — EVIDENCE OF WOMAN'S REPUTATION.

2. In a prosecution for adultery evidence that the female participant had an evil reputation for unchastity is admissible against the man.

ADULTERY—EVIDENCE OF PREVIOUS SIMILAR ACTS.

3. On a prosecution for adultery, evidence that defendant and the female participant had previously committed adultery at other times and places than the time and place charged in the information is admissible as tending to show the social relationship of the parties at the time stated in the charge.

INSUFFICIENCY OF EVIDENCE—REQUESTED INSTRUCTION.

4. Where the trial court was not requested to instruct the jury to acquit the defendant in a criminal case by reason of any failure of proof, it will be presumed, on appeal from a conviction, that the evidence was sufficient.

INSTRUCTION—PROOF OF LOCALITY.

5. Error is not assignable for failure of the trial court to charge that the jury must find the crime to have been committed in the county as laid, unless a request to that effect was proffered.

CURING ERROR BY INSTRUCTION.

6. Error in admitting testimony which the court subsequently concludes was incompetent is cured by a statement withdrawing such testimony and an instruction at the close of the case to disregard it.

ADULTERY—EFFECT OF DISCHARGING ONE PARTICIPANT.

7. Either party to an act of adultery may be convicted though the other may have been acquitted or not prosecuted.

MARRIAGE—SUFFICIENCY OF EVIDENCE.

8. The evidence of eyewitnesses to the ceremony is sufficient in both civil and criminal cases to prove a marriage.

PRESUMPTION AS TO CONTINUANCE OF MARRIAGE.

9. A marriage shown to have existed is presumed to continue until the contrary appears.

ADULTERY—EVIDENCE OF AMOROUS DISPOSITION.—OTHER CRIMES.

10. Evidence of an adulterous or amorous disposition on the part of defendant in a prosecution for adultery and of the other participant is a circumstance proper for the consideration of the jury, whether before or after the date charged, even though it may amount to proof of another offense.

ADULTERY—COMBINATION OF INCLINATION AND OPPORTUNITY.

11. When evidence of an adulterous inclination on the part of both parties to a charge of adultery has been produced, it is competent to show that opportunity existed to commit the act, and from this combination an inference of guilt will be justifiable.

ADULTERY—PROOF OF TIME ALLEGED.

12. Under Section 1309, B. & C. Comp., the exact time of the commission of an offense need not be precisely stated, as in adultery, for example, unless time is a material element in the case, and the jury may with propriety be told that proof as to time is sufficient if it shows the offense to have been committed within "a month or more" of the date charged.

REFUSING INSTRUCTIONS ALREADY GIVEN.

13. A charge specially requested may properly be refused when it has already been given elsewhere.

ERRORS NOT STATED IN BILL OF EXCEPTIONS.

14. Where errors alleged to have been committed by the court are not set out in the bill of exceptions, they are unavailing on appeal.

From Multnomah : ARTHUR L. FRAZER, Judge.

John Eggleston was convicted of adultery and appeals.

AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. Geo. J. Cameron.*

For the State there was a brief over the names of *Andrew M. Crawford*, Attorney General, *John Manning*, District Attorney, *Arthur Spencer*, and *Robert G. Morrow*, with an oral argument by *Mr. Morrow.*

MR. CHIEF JUSTICE MOORE delivered the opinion.

The defendant was tried upon an information the charging part of which is as follows :

"The said John Eggleston on the 24th day of May, A. D. 1903, in the County of Multnomah and State of Oregon, then and there being, did then and there unlawfully and feloniously commit the crime of adultery with a certain female person commonly known by the name of Florence Cline, he the said John Eggleston then and there being a married man and the husband of Alice A. Eggleston, and she, the said Florence Cline, not being his wife, contrary," etc.

Having been found guilty thereof, defendant appeals from the judgment which followed.

1. It is contended by his counsel that the court erred in overruling a demurrer to the information, interposed on the ground that it did not state facts sufficient to constitute a crime. It is argued that, the words "then and there" having been omitted after the word "and" and before the words "the husband of," etc., the information does not allege that on May 24, 1903, the defendant was the husband of Alice A. Eggleston, and hence the circumstances necessary to constitute the commission of the crime are not averred. An information, which takes the place of an indictment (B. & C. Comp. § 1259), is sufficient, so far as challenged herein, if the act charged as the crime is clearly and distinctly set forth in ordinary

and concise language, without repetition, and in such a manner as to enable a person of common understanding to know what is intended B. & C. Comp. § 1314. Our statute prescribing the person authorized to make a complaint in a prosecution for the crime of adultery, and who may be found guilty thereof, so far as deemed material herein, is as follows: "A prosecution for the crime of adultery shall not be commenced except upon the complaint of husband or wife. * * When the crime of adultery is committed between a married woman and an unmarried man, the man shall be deemed guilty of adultery also, and be punished accordingly": B. & C. Comp. § 1917. The information not having stated that Florence Cline was, on May 24, 1903, a married woman, a prosecution against the defendant for the crime of adultery could only be commenced by his wife, and, this being so, the necessity of alleging that he on that day had a wife living is important. An information having once stated time with certainty, may refer to it, in respect to other facts alleged, by the terms "then" and "there" without repeating it: *State* v. *Thurstin*, 35 Me. 205 (58 Am. Dec. 695). In that case the indictment stated that the defendant, at Avon, "on the 25th day of March, 1851, did commit the crime of adultery with one Emeline Whitehouse, the wife of one Solomon H. Whitehouse, she, the said Emeline Whitehouse, being a married woman, and the lawful wife of him, the said Solomon H. Whitehouse," and it was held to be insufficient; the court saying: "In this case the fact of committing the crime of adultery, at a certain time and place, with Emeline Whitehouse, is first alleged against the accused; but to the fact that she was a married woman, and the wife of another, no time is averred, nor is there a reference to the certain time before stated, by the words 'then' and 'there,' or any equivalent terms. Although we can readily suppose what was intended by the averments, yet

in criminal pleading nothing can be taken by intendment. The allegation 'being a married woman, and the lawful wife of Solomon H. Whitehouse,' has reference to the time of finding the indictment, and not to the time of the offense, in strictness of criminal law." In the case at bar, however, the averment, "he, the said John Eggleston, then and there being a married man, and the husband of Alice A. Eggleston," etc., does not, in our opinion, come within the rule announced in the case to which attention is called; but the clause "then and there being," in the language quoted, by the use of the word "and," which follows, applies by implication as much to the words "the husband" as it does to the phrase "a married man," and is tantamount to an averment, by reference to the time once stated with accuracy in the information, that on May 24, 1903, the defendant was the husband of Alice A. Eggleston. If the clause adverted to had been inserted in the information where defendant's counsel insists it should have been, it would have violated the rules of grammar, and constituted a repetition, disapproved by the statute: B. & C. Comp. § 1303. The omission was, therefore, of no importance: *Commonwealth* v. *Langley*, 14 Gray, 21; *State* v. *Doyle*, 15 R. I. 527 (9 Atl. 900).

2. It is contended that the court erred in admitting, over defendant's objection and exception, testimony tending to show that Florence Cline bore the reputation of being a common prostitute. Positive evidence of the commission of adultery is rarely possible, and, as crimes against morality and decency must not go unpunished, a resort must be had to circumstantial evidence, from which the overt act charged may be inferred. In prosecutions for rape, evidence of the previous unchastity of the female alleged to have been assaulted is admissible on the part of the defense as a circumstance from which consent might reasonably be inferred: *State* v. *Ogden*, 39 Or. 195 (65 Pac.

449). So, too, in cases of seduction; evidence of the rep-
utation of the female for lewdness is admissible as a cir-
cumstance tending to show that the act complained of may
not have been the cause of her going astray : B. & C. Comp.
§ 1921. In prosecutions for adultery, however, a diversity
of judicial utterance is observable, but we believe that rea-
son renders such testimony admissible, from which the
overt act may be inferred. Thus in *Commonwealth* v. *Gray*,
129 Mass. 474 (37 Am. Rep. 378), it was held at the trial
of an indictment for adultery that evidence of the reputa-
tion for unchastity of the woman with whom the defendant
was alleged to have committed the act was competent. To
the same effect is the case of *Blackman* v. *State*, 36 Ala.
295. In our opinion, no error was committed in receiving
the testimony in question.

3. It is insisted by defendant's counsel that an error
was committed in introducing, over defendant's objection
and exception, testimony tending to show that the defend-
ant and Florence Cline, at other places, and prior to the
time specified in the information, had been guilty of the
crime of adultery. In *Commonwealth* v. *Nichols*, 114 Mass.
285 (19 Am. Rep. 346), upon the trial of an indictment
for adultery, it was held that evidence of other acts of
adultery, committed by the same parties, near the time
alleged, though in another county, was admissible to sup-
port the charge. In *State* v. *Bridgman*, 49 Vt. 202 (24 Am.
Rep. 124), on the trial of an indictment for adultery, it was
held that evidence of improper familiarity and adultery,
both before and after the commission of the crime alleged,
was admissible, the court saying: "The offense charged
in this case cannot ordinarily be committed till the re-
straints of natural modesty and the safeguards of common
deportment and conventionality have been overcome by
gradual approaches, and the relations of the parties have
been changed from those usually existing between the

sexes to the most intimate. * * Thus it appears that the
true relation of the parties to each other in this respect is
very material and proper to be shown, and there could be
nothing more potent to show that no barrier of modesty
or manners was remaining between the parties, and to
show the real relation between them, than the fact that
they were in the habit of committing the act from time
to time. * * But this relation of intimacy, as before sug-
gested, does not usually take place suddenly, and the fact of
its existence at any time to that extent that intercourse was
actually had would be some evidence that the relation had
been existing previously, and offered with evidence of other
acts so as to show the relation to be continuous through a
period covering the time in question, would be quite ma-
terial and convincing." The rule is well settled that on the
trial of a person charged with the commission of the crime
of adultery evidence of other acts of that kind, or of famil-
iarity between the same persons, is relevant, as intending
to show the adulterous disposition of the parties at the
time alleged in the information : 2 Greenleaf, Evidence,
§ 47; 1 Jones, Evidence, § 143; Underhill, Crim. Ev. § 381;
Wharton, Crim. Ev. § 35 ; 1 Cyc. 961 ; *State* v. *Scott*, 28 Or.
331 (42 Pac. 1); *State* v. *O'Donnell*, 36 Or. 222 (61 Pac.
892); *State* v. *Snover*, 65 N. J. L. 289 (47 Atl. 583).

4. It is maintained by defendant's counsel that no tes-
timony was introduced at the trial tending to show that
the crime was committed in Multnomah County ; nor was
the jury instructed that, before they could find defendant
guilty, they must find that he committed the crime charged
in that county. Though the bill of exceptions has attached
thereto the testimony given, the court not having been re-
quested to instruct the jury to acquit the defendant by
reason of any failure of proof, it will be presumed that
the testimony was sufficient in this respect.

5. It is true the jury were not told that they must find

that the crime was committed in the county alleged, but, as no request so to instruct was made by the defendant, any failure of the court in·this particular is unavailing : *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, 33 Pac. 537); *State* v. *Meldrum*, 41 Or. 380 (70 Pac. 526).

6. The court, over objection and exception, admitted in evidence alleged declarations of Florence Cline, not made in the presence of the defendant, to the effect that he was guilty of the crime charged ; but thereafter the jury were instructed not to consider such evidence, and any error that may have been committed by the admission of such declarations was cured by the instructions· given : *State* v. *Foot You*, 24 Or. 61 (32 Pac. 1031, 33 Pac. 537); *State* v. *McDaniel*, 39 Or. 161, 183 (65 Pac. 520).

7. The defendant, having called as his witness the district attorney of Multnomah County, was not permitted to show that such officer had filed "Not a true bill" against Florence Cline, and, an exception to the court's refusal having been reserved, it is contended that an error was thereby committed. In *Alonzo* v. *Texas*, 15 Tex. App. 378 (49 Am. Rep. 207), the defendant in a prosecution for adultery pleaded in bar the acquittal of his codefendant, but it was held that the plea interposed was untenable, the court saying: "While it is true that, to constitute adultery, there must be a joint physical act, it is certainly not true that there must be a joint criminal intent. The bodies must concur in the act, but the minds may not. While the criminal intent may exist in the mind of one of the parties to the physical act, there may be no such intent in the mind of the other party. One may be guilty, the other innocent, and yet the joint physical act necessary to constitute adultery may be complete. Thus, if one of the parties was, at the time of committing the physical act, insane, certainly such party has committed no crime;

45 OR.——23

but it certainly cannot be contended that the other party, who was sane, has committed no crime. So, if one of the parties was mistaken as to a matter of fact, after exercising due care to ascertain the truth in relation to such fact, which fact, had it been true, would have rendered the alleged criminal act legal and innocent, the party so acting under such mistake of fact would be innocent of crime." As the defendant, if guilty, could have been convicted of the crime charged notwithstanding the acquittal of Florence Cline, the action of the district attorney in returning "Not a true bill" as to her did not thereby discharge him, and no error was committed as alleged.

8. The court, in referring to the alleged marriage of the defendant, charged the jury as follows:

"The marriage may be proved in different ways. Evidence of eyewitnesses who saw the marriage performed is sufficient (that is, it is sufficient if you believe the evidence to be true); and if you are satisfied from the evidence in this case that at the time this act is alleged to have been committed the defendant, John Eggleston, was married to Alice Eggleston, that would be sufficient evidence upon that part of the case. I will further say that if you are satisfied that the marriage was performed, that the defendant and Alice Eggleston were married at some time prior to the time this offense is alleged to have been committed, it would not be necessary for the State to go on and show that they continued to be husband and wife, but it would be presumed they have continued to be husband and wife, in the absence of any evidence to the contrary."

An exception having been taken to this part of the charge, it is maintained that the court erred in giving it. As explanatory of the first clause of the instruction complained of, the defendant's brief contains the following statement: "It was attempted at the trial to prove the marriage of the defendant by the evidence of a daughter of Mrs. Eggleston, who testified that she was present at the marriage of defendant and her mother, in Chicago, by a justice of

the peace, but no proof was given that the justice of the peace had any jurisdiction or authority to perform the same, and we understand that the State must prove that a marriage in fact took place. The State endeavored to introduce a license and return, but the same was objected to by the defendant, and is wholly incompetent to prove that a marriage in fact was ever performed." The bill of exceptions does not contain a copy of the evidence "endeavored to be introduced," nor does it appear therefrom whether or not such evidence was received. Mr. Wharton, in his work on Criminal Evidence (9 ed.), § 173, in speaking of the proof of marriage, says: " The testimony of a witness present at the marriage is ordinarily admissible, and adequate proof, unless the law requires official evidence." In *State* v. *Clark*, 54 N. H. 456, on the trial of an indictment for bigamy, it was held that the testimony of persons who were present and witnessed the former marriage ceremony of the defendant was admissible to prove the fact of marriage, the court, in referring to the person who performed the ceremony, and of his authority, saying : " The evidence shows a marriage ceremony duly performed by a person who was in fact a magistrate ; and it is to be presumed that the magistrate acted within the scope of his legal power and authority until evidence to the contrary appears." In *Lord* v. *State*, 17 Neb. 526 (23 N. W. 507), at the trial of an indictment for adultery, it was held that the marriage might be proved by an eyewitness, the court saying: "Any person who was present when the marriage took place is a competent witness to prove the marriage." It is quite probable that the license and return were received in evidence, and, this being so, the testimony of the witness who was present at the celebration of the ceremony was competent to identify the parties and to prove the marriage in fact.

9. In *People* v. *Stokes*, 71 Cal. 263 (12 Pac. 71), on the trial of an indictment for adultery, it was held that, after the defendant's marriage had been proved, the continuance of that relation would be presumed until a dissolution by death or divorce is affirmatively shown ; the court saying : "In the absence of affirmative evidence, the dissolution of the marriage is not to be presumed to have occurred, either by divorce or by the death of one of the parties to it." It is a disputable presumption that a thing once proved to exist continues as long as is usual with things of that nature : B. & C. Comp. § 788, subd. 33. The solemnization of a marriage is based upon the mutual assent of the parties that the relation entered into shall continue until it is severed by the death of one of them. The marriage, however, is sometimes dissolved by a decree of divorce, but this method of separation is happily the exception, rather than the rule, in view of which we think the instruction complained of was proper : *Hemingway* v. *State*, 68 Miss. 371, 417 (8 South. 317).

10. It is contended that the court erred in giving the following instruction, to which an exception was saved, to wit :

"You can take into consideration, however, evidence tending to show an adulterous or amorous disposition on the part of the accused, and also on the part of the person with whom it is alleged he committed this crime — any adulterous or amorous disposition, or evidence tending to show an inclination on the part of these parties to commit adultery. You can take into consideration any evidence tending to show such a disposition or inclination, either before or after the time when this crime is alleged to have been committed ; and you may take into consideration any evidence tending to show that this act was committed at other times and places, although it may show distinct and separate crimes, because such evidence would tend to show an adulterous disposition or inclination on the part of the parties."

This instruction was evidently founded on the rule announced in *State* v. *Bridgman*, 49 Vt. 202 (24 Am. Rep. 124), where it was held on the trial of an indictment for adultery that evidence was admissible of improper familiarity and adultery both before and after the commission of the offense charged, although it proved other and different offenses. What has heretofore been said in relation to the admission of testimony tending to show an adulterous disposition on the part of the defendant and of Florence Cline applies with equal force to the instruction complained of, in the giving of which no error was committed.

11. An exception was taken to the following instruction, and it is contended that an error was committed in giving it, to wit:

"You may also take into consideration any evidence tending to show an opportunity upon the part of these parties to commit this crime. Evidence of an adulterous disposition or inclination, together with evidence of an opportunity to commit the crime, would be sufficient to justify you in bringing in a verdict of guilty against this defendant, if this evidence satisfies you beyond a reasonable doubt that the crime was committed."

In *State* v. *Scott*, 28 Or. 331 (42 Pac. 1), it is said : " Mere proof of an opportunity to commit adultery is insufficient to convict a person of that crime, unless there be proof also of an adulterous mind on the part of both parties ; and to prove this state of mind circumstantial evidence is admissible to show a purpose or inclination to commit the act." To the same effect, see *Herberger* v. *Herberger*, 16 Or. 327 (14 Pac. 70) ; *Freeman* v. *Freeman*, 31 Wis. 235. If adultery could be inferred from the existence of an opportunity to commit the act, it would be unsafe for persons of opposite sex to meet, except in the presence of others. When, however, proof of an adulterous disposition on the part of each party has been produced, evidence of an op-

portunity to commit the act is admissible, and from these combined factors the commission of the crime may be reasonably inferred. No error was committed in giving such instructions.

12. The court told the jury, in effect, that, though the crime was alleged to have been committed May 24, 1903, it was not necessary that they should find that was the exact date; but if they were satisfied that it was perpetrated within a month or more from the date stated, and before the information was filed, it would justify them in bringing in a verdict of guilty, if they were satisfied, beyond a reasonable doubt, that at the time the crime was committed the defendant was a married man and the husband of Alice A. Eggleston. An exception to this part of the charge having been taken, it is contended that an error was committed in giving it. The court admitted over defendant's objection and exception testimony tending to show that the defendant and Florence Cline committed adultery at a time antedating the statute of limitations, but such testimony was received as tending to show their lascivious dispositions, so that the court's limitation of a month or more from the day alleged, but prior to the filing of the information, necessarily excluded the time anterior to the statute in question, and no error was committed in giving this instruction.

13. The court refused to give the following instructions requested by the defendant, to wit:

" (1) I will instruct you that you must find that the defendant and Alice Eggleston were duly and regularly married in the State of Illinois, and such evidence must show a marriage in fact, and must be proved by witnesses, who were present at the same, that such a legal marriage was performed.

(2) I will also instruct you that you must find from the evidence adduced that the present prosecution was com-

menced by the consent of Alice A. Eggleston, the supposed wife of the defendant.

(3) You must also find beyond a reasonable doubt that up to this time, on the filing of the information, the defendant and Alice A. Eggleston were and now are husband and wife.

(4) I will instruct you also that you must find beyond a reasonable doubt that the act of adultery charged in the information was committed on the day mentioned in the information, to wit, on the 24th day of May, 1903, otherwise your verdict should be for the defendant.

(5) You are instructed that you are not to take into consideration any of the other times and opportunities that have been testified to, only in so far as showing intent of the parties.

(6) In reaching your verdict I will instruct you not to consider any of the evidence showing statements made by Florence when she was alone, and not in the presence of the defendant."

Exceptions having been taken to the action of the court in not charging the jury as requested, it is insisted by defendant's counsel that errors were thereby committed. That the marriage could have been proved by the production of the record and of the statute of the state where and in pursuance of which it was solemnized, must be admitted ; and, while it might have been proved in the manner indicated in the first request, it could have been proved otherwise, and no error was committed in refusing to give the first instruction.

A part of the court's general charge to the jury is as follows :

"I should have said that you should be satisfied that this prosecution was brought at the instance of the wife before you can convict."

The jury having been properly enlightened on this branch of the case, no error was committed in refusing to give the second requested instruction.

The third request has heretofore been disposed of by invoking the presumption that a marriage once proved to have been celebrated continues during the lives of the parties.

The fourth request does not correctly state the law (B. & C. Comp. § 1309), and no error was committed in refusing to give it.

The fifth and sixth requests were given, in effect, by the court in its general charge.

14. It is insisted in the defendant's brief, and was maintained by his counsel at the trial herein, that other errors were committed by the court, but as they are not set out in the bill of exceptions, they are unavailing.

It follows that the judgment should be affirmed, and it is so ordered.          Affirmed.

---

Decided 8 August, 1904.