Argued January 6, decided January 26, rehearing denied March 9, 1909.

### STATE v. LA MORE.

[99 Pac. 417.]

CRIMINAL LAW—INSTRUCTIONS—INVADING PROVINCE OF JURY.

1. An instruction, on a trial for adultery, that "in cases of this kind" it is not necessary that the flagrant act be directly proven, but to convict, the jury must be satisfied, beyond a reasonable doubt, that accused is guilty, does not invade the province of the jury by assuming the guilt of accused.

ADULTERY—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

2. Positive evidence of the commission of adultery is rarely possible, and a resort must be had to circumstantial evidence from which the overt act charged may be inferred.

ADULTERY—INSTRUCTIONS.

3. An instruction, on a trial for adultery, which assigns the correct reason for the rule that circumstantial evidence must be resorted to, is not prejudicial.

ADULTERY—INSTRUCTIONS—ASSUMPTION OF FACT.

4. An instruction on a trial for adultery, that it was not sufficient that an opportunity to commit the crime might be inferred from the circumstances, but there must be evidence of "the adulterous disposition of accused," and that such disposition might be inferred from conduct, followed by the statement, in response to an objection to the charge as misleading, on the ground that it assumed that circumstances existed between the parties, that the instruction was not a statement that circumstances existed, but that they might have existed, was not erroneous as presupposing that accused possessed such a disposition.

ADULTERY—EVIDENCE—CIRCUMSTANTIAL EVIDENCE.

5. On a trial for adultery, proof of an adulterous mind on the part of both parties may be established by circumstantial evidence.

From Multnomah: EARL C. BRONAUGH, Judge.

The defendant, David La More, was convicted of the crime of adultery and from the judgment and sentence which followed, he appeals.                    AFFIRMED.

For appellant there was a brief over the names of Mr. John J. Jeffrey, Mr. Charles E. Lenon and Mr. Clinton A. Ambrose, with an oral argument by Mr. Lenon.

For the State there was a brief over the names of Mr. George J. Cameron, District Attorney, Mr. Andrew M. Crawford, Attorney-General, and Mr. John J. Fitzgerald, Deputy District Attorney, with an oral argument by Mr. Thad W. Vreeland.

Opinion by MR. CHIEF JUSTICE MOORE.

The defendant, David La More, was convicted of the crime of adultery, and appeals from the sentence imposed upon him.

1. His counsel contend that an error was committed in giving the following instruction:

"(1) It is not necessary for me to charge you at any great length in reference to this case. The issues are

not complicated. There are a few points, however, as to which it is my duty to charge you. For one thing, you are instructed that in a case of this kind it is not necessary that the flagrant act be directly proven. If it were so, convictions in matters of this kind could seldom be had; but, in order to find a conviction, you must be satisfied beyond a reasonable doubt, from the evidence as presented to you, that the defendant is guilty."

The bill of exceptions, in referring to this part of the charge, contains the following entry:

"The defendant excepts to the instructions of the court that it is not necessary in this case that the flagrant act be directly proven, for the reason that it is misleading, and takes the result of the testimony in the words used rather than the testimony necessary to arrive at the result."

Defendant's counsel argue that the phrase "flagrant act" as used improperly assumes that the defendant committed the crime charged. It is doubtful if the exception called the court's attention to the legal principle now invoked. No objection seems to be taken to the instruction as to its correct statement of the law applicable to the facts involved, but that it is not sufficiently specific, viz., in failing to insert the clause "if any" after the word "act." An examination of the language employed will show that it is not limited to the case at bar, but that the rule stated is made applicable "in a case of this kind"; that is, when a person is charged, by indictment or information, with the crime of adultery, it is unnecessary to prove by direct evidence the particular act which constitutes the offense. The clause "in a case of this kind" makes the part of the charge under consideration hypothetical; and, as no reference is made to the defendant, the instruction quoted does not, in our opinion, invade the province of the jury.

2. The reason given by the court for proving the overt act in the indirect manner indicated finds support in the opinion in the case of *State* v. *Eggleston,* 45 Or. 346,

350 (77 Pac. 738, 740), where it is said: "Positive evidence of the commission of adultery is rarely possible, and, as crimes against morality and decency must not go unpunished, a resort must be had to circumstantial evidence, from which the overt act charged may be inferred."

3. It may not have been necessary for the court below to assign, as it did, any ground for the legal principle announced in the instruction; but, as the correct reason was given, we do not think the observation was prejudicial.

4. It is maintained that the court erred in instructing the jury as follows:

"(2) It is not sufficient, however, in considering a charge of this character, from the standpoint of circumstances or circumstantial evidence, that an opportunity to commit the crime may be shown or inferred from the circumstances. In addition to the evidence, there must be evidence satisfactory to you of the adulterous disposition of the accused, or the disposition to commit the crime charged if the opportunity is offered. The same rule holds with reference to that, however, as I have already charged you with reference to the flagrant act. It is not necessary that the adulterous disposition be proven by direct and positive testimony to that particular point; but this may be inferred from the conduct of the party, from the associations and relations which you find from the evidence to have existed between the parties."

The bill of exceptions relating to this part of the charge is as follows:

"The defendant excepts to the instruction of the court that the disposition to commit the crime may be shown from the circumstances which you may find existed between the parties, for the reason that it is misleading, on the ground that it assumes that circumstances existed between the parties, when the fact of the existence of such circumstances is a matter to be found by the jury.

"The Court: I think the charge as given left that matter expressly to the jury.

"The Defendant's Counsel: I think it was a little fault of expression, perhaps, but I want to save the point.

"The State's Counsel: The understanding that I got out of the court's language was that the circumstances that the jury may find to have existed. It was not a statement that such circumstances did exist, but such circumstances may have existed.

"The Court: That certainly was the intention of the court—to put it that way."

It is maintained by defendant's counsel that in the instruction last quoted the expression "the adulterous disposition of the accused" erroneously presupposes that the defendant possessed such an inclination, that the qualifying word "the," preceding the word "adulterous," as used in both instances in this part of the charge, makes the disposition specified as applicable to the defendant as if the word "his" had been substituted therefor, and that the failure of the court to insert the phrase "if any" after the word "disposition" in each illustration given makes the instruction vulnerable.

The error now insisted upon was evidently not considered by the trial court, for it will be remembered that the question there presented was that the second instruction assumed that between the defendant and the other party certain circumstances were manifest, when the existence thereof was a matter for the jury to determine. From the court's explanation of the meaning of the instruction last quoted, when attention was called thereto, the jury undoubtedly understood that the word "accused," as used in this part of the charge, meant a party indicted for the commission of the crime of adultery, and not the defendant in the action, thereby rendering the instruction hypothetical.

5. The court properly told the jury that proof of an adulterous mind, on the part of both parties, might be established from circumstantial evidence. *State* v. *Scott*, 28 Or. 331, 338 (42 Pac. 1).

Believing that no error was committed, as alleged, the judgment is affirmed.        AFFIRMED.