Argued October 23, decided November 26, 1912.

## STATE *v.* HARDIN.

### (127 Pac. 789.)

**Rape—Indictment—Date of Offense.**

1. In criminal prosecutions, the State must prove a particular act constituting the crime, but need not prove that it was committed on the exact date alleged in the indictment; so that, in a prosecution for statutory rape, proof that the offense was committed on a date when the prosecutrix was under the age of consent was properly admitted, and would sustain a conviction under an indictment charging the rape at a date when she had passed the age of consent, where the defendant was informed on request as to the exact date of the offense upon which the prosecution would rely.

**Criminal Law—Criminal Prosecution—Evidence—Other Acts.**

2. In a prosecution for rape, evidence of various acts of sexual intercourse between the defendant and the prosecutrix both before and after the crime charged, constituting a continuous illicit relation for three years, was properly admitted under proper instructions to prove the inclination or disposition of the defendant to commit the act charged.

**Criminal Law—Evidence—Statements of Accused.**

3. In a prosecution for rape, a statement of the defendant to the effect that he kept his stepdaughter, the prosecutrix, under subjection, so that she could not associate with anybody unless her parents were with her, was admissible to show his control over the prosecutrix, and in corroboration of her testimony.

**Criminal Law—Trial—Conduct of Prosecutrix—Statements on Cross-Examination.**

4. Reference by a prosecuting attorney to a contention of a defendant in rape as a "job" in his cross-examination of a witness would not constitute ground for a reversal.

**Criminal Law—Trial—Requested Instructions—Inclusion in Others Given.**

5. A requested charge in a rape prosecution was properly refused, where its substance was included in the charge of the court.

**Criminal Law—Appeal and Error—Review—Questions of Fact.**
   6. A verdict in rape on conflicting testimony, but authorized by the evidence, is conclusive on review under Section 3, Article VII, of the Constitution, as amended. See Laws 1911, p. 7.

From Clackamas: JAMES U. CAMPBELL, Judge.

The defendant, William Marlin Hardin, was convicted of the crime of statutory rape upon his stepdaughter, Eva Phelps, formerly Eva Woods, a girl under the age of 16 years, and from a sentence following such conviction he appeals.                    AFFIRMED.

For appellant there was a brief over the names of *Messrs. Dimick & Dimick, Mr. M. Morehead;* and *Messrs. Christopherson & Matthews,* with oral arguments by *Mr. Grant B. Dimick* and *Mr. Q. L. Matthews.*

For the State there was a brief with oral arguments by *Mr. Edmund B. Tongue,* District Attorney, and *Mr. Levy Stipp.*

MR. JUSTICE BEAN delivered the opinion of the court.

The indictment charges the crime to have been committed on the 15th day of October, 1911, and alleges the defendant, William Marlin Hardin, did then carnally know said Eva Phelps, a female child under the age of sixteen years. The defendant entered a plea of not guilty. At the commencement of the trial, counsel for defendant requested the prosecution to fix a date of the offense upon which it was intended to base the case. The district attorney stated that the State would rely upon the act which produced the pregnancy, committed on or about October 15, 1909, the date "1911" in the indictment being an error, of which defendant's counsel were notified. The evidence tended to show that the defendant had criminal relation with the girl from the time she was about twelve years old, extending over a period of about three years, and until August, 1910, when she was married and left his home; that Eva Phelps was

of the age of sixteen years August 30, 1911, and prior
to the date named in the indictment.

1. On account of the prosecutrix being of the age of
consent at the alleged date of the commission of the
crime, counsel for the defense asked the court to direct
a verdict of acquittal, and contended that the State could
not sustain the indictment by proof that the victim was
under the age of sixteen years at the time of the com-
mission of the offense, at a date prior to that alleged;
that the court erred in admitting such proof over the
objection of the defendant, and instructing the jury that
the alleged date of the commission of the crime was
immaterial. The instruction given upon this point of
the case was as follows:

"It is therefore necessary for the State to prove to
you beyond a reasonable doubt that this crime was com-
mitted as charged in the indictment, within three years
from the time of finding the indictment, the particular
date not being material, the particular act, however,
being material; that is, the prosecuting attorney stated
that he intends that this particular date shall cover the
time of the sexual intercourse by which the prosecuting
witness, or this Eva Phelps, became pregnant of a child
stillborn during the month of January, 1910, claiming
that it had taken place the latter part of October, or the
early part of November. Now, to that particular time
you are confined. They must prove that this act they
complain of occurred on or about that time; the exact
date not being material. They must also show to you that
at the time the act complained of was committed against
this girl, she was under the age of sixteen years.  *  *
It is incumbent upon the prosecution in this case to
prove to you beyond a reasonable doubt that the defend-
ant is guilty of the particular act charged in the indict-
ment, and if the testimony is so indefinite that you cannot
all agree upon the same act, or if, having agreed upon
the same act, there is reasonable doubt in your minds
as to whether the defendant committed the crime or not,
then your verdict must be for the defendant."

Section 1443, L. O. L., provides that:

"That the precise time at which the crime was committed need not be stated in the indictment, but it may be alleged to have been committed at any time before the finding thereof, and within the time in which an action may be commenced therefor, except where the time is a material ingredient in the crime."

See, also, upon this phase of the case *State* v. *Eggleston,* 45 Or. 346, 358 (77 Pac. 738). It is well settled in this State that in criminal actions the prosecution is compelled and require to prove some particular act constituting the crime, and to rely upon that for a conviction, but it is not compelled or required to prove that the crime was committed on the exact date alleged in the indictment. *State* v. *Coss,* 53 Or. 462, 467 (101 Pac. 193).

The allegation of the age of Eva Phelps contained in the indictment means the age at the time of the commission of the crime. The counsel for the defendant were upon their request informed as to the particular act upon which the prosecution would rely for conviction. The defendant had ample opportunity to make any defense he had thereto. We find no error in the ruling or instruction on that question.

2. The next error assigned by the defendant was in allowing the State to introduce evidence to prove various acts of sexual intercourse between defendant and Eva Phelps, the prosecutrix, before and after the one relied upon by the State for conviction. When a defendant is charged with illicit sexual intercourse, evidence of the commission of similar offenses with the same party, both before and after the crime charged, is admissible to prove an inclination or disposition to commit the act for which the accused is put upon his trial. *State* v. *Robinson,* 32 Or. 43, 50 (48 Pac. 357) ; *State* v. *Eggleston,* 45 Or. 346 (77 Pac. 738) ; *State* v. *Coss,* 53 Or. 462, 467 (101 Pac. 193) ; *State* v. *Williams,* 76 Me. 480; *Commonwealth* v. *Nichols,* 114 Mass. 285 (19 Am. Rep. 346) ; Bishop, Statutory Crimes (3 ed.), Section 680, *et seq.*

The trial court plainly told the jury not to consider evidence of other assaults for any purpose, except to show a lustful or sexual desire; that they must confine their deliberations upon the whole evidence to the specific charge. This was made clear in the ruling on the admission of the evidence and the instructions to the jury, and no error was committed in this respect. The evidence tended to show a continuous illicit relation of the defendant with the prosecutrix for about three years. This was competent for the State to show for the purpose indicated and for the jury to consider under proper instruction.

3. Exception was taken to the admission of evidence as to the statement of the defendant to the effect that he kept his stepdaughter, Eva Phelps, under subjection, so that she had to obey, and did not associate with anybody unless one of her parents was with her, and that, if anything happened in his family, "you can know that I done it." This statement was said to have been made about the time of the commencement of the criminal intercourse, and was material as tending to show that the defendant had control over the prosecutrix, and to corroborate her evidence. It was for the jury to determine what the defendant had in mind when he made this statement.

4. W. H. H. Sampson, Esq., a witness for the defense, testified on cross-examination that, when the defendant was first arrested and brought before him, he stated that the case was a put-up job on him, and called it "blackmail." In interrogating the witness, the district attorney referred to the claim of the defense as to a "job." Counsel for defendant objected and excepted to the question as improper. While the language used could have been better framed by an impartial prosecutor, we do not think that it influenced the jury or that it is ground for reversal.

5. Counsel for the defendant contend that the court erred in refusing to give defendant's requested instruction as follows:

"If some of you think he was guilty of one act, and others of you think him guilty of a different act, your verdict must be, 'not guilty.' "

The substance of this requested instruction was given by the court in the latter part of the charge above quoted.

6. The case was, by the instructions of the court, fairly submitted to the jury, and, while the testimony was conflicting, the verdict was authorized by the evidence and under the provisions of Section 3 of Article VII of the Constitution, as amended (see Laws 1911, p. 7), should not be disturbed.

It follows that the judgment of the lower court should be affirmed, and it is so ordered.　　　　AFFIRMED.