MANAN LAND, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

Opinion filed March 1, 1916.

1. A minor husband who is able by his labors to support his wife and child may be held criminally for withholding that support, under a statute aimed at delinquent husbands.

2. In a prosecution against a husband for withholding support from his wife, though adultery be a defense, general reputation of the wife for chastity is inadmissible.

3. Occurrences arising subsequent to the separation and having no connection therewith are inadmissible in evidence in behalf of a husband charged with wife desertion.

Writ of Error to Circuit Court, Madison County; M. F. Horne, Judge.

Judgment affirmed. (TAYLOR, C. J., dissenting.)

*R. H. Rowe* and *Chas. E. Davis,* for Plaintiff in Error.

*T. F. West,* Attorney General, and *C. O. Andrews,* Assistant, for the State.

COCKRELL, J.—The plaintiff in error was convicted of the statutory crime of unlawfully withholding support from his wife and infant child.

The only attack upon the indictment suggested in the brief is based upon the alleged invalidity of the statute by reason of a supposed defect in the title, and as to this it is admitted that this title was upheld by us in Welch v. State, 69 Fa. 21, 67 South. Rep. 224. Nothing is suggested to cause us to overrule that case.

It is argued that the testimony fails in proof that the husband withheld the means of support. He testified that he was eighteen years of age, and there is no proof that he possessed any property. There is evidence however that he supported his wife by his labors until he left her and went to live with and work for his father. Some support is found for this contention in the case of People v. Todd, 61 Mich. 234, 28 N. W. Rep. 79. The facts in that case are so meagre that we have difficulty in understanding the decision. The Michigan statute requires proof that the husband has "sufficient ability" to support the wife, and the case would appear to have been decided that marriage was not an emancipation and that the wages of a married minor son would despite the marriage, still go to the father. The Supreme Judicial Court of Massachusetts takes the opposite and we think the correct view, that the wife has the prior claim to the earnings. Commonwealth v. Graham, 157 Mass. 73, 31 N. E. Rep. 706, 16 L. R. A. 578, 34 Am. St. Rep. 255. The statute is aimed at delinquent husbands, and makes no distinction as to age. This plaintiff in error was permitted under the law to enjoy the privileges of the mar-

ital status, and he must be held to the responsibilities of the state belonging to that status.

Under the proviso of the statute a cause for divorce existing at the time of the desertion is made a defense, and under this proviso a witness was offered to prove the general reputation of the wife for chastity. We can find no authority for the admission of such testimony, and Washburn v. Washburn, 5 N. H. 195, holds such evidence clearly inadmissible. Some State courts hold that the one charged with adultery may put her reputation for chastity in evidence, just as in criminal cases the defendant may put in character evidence, but says Mr. BISHOP in his book on Marriage, Divorce and Separation, section 1425, sustaining such ruling, it is in perfect accord with this doctrine to deny the complainant in a divorce suit the right to attack the defendant's character through general reputation for lewdness and unchastity. There are a number of cases deciding that it is permissible to prove the character of a woman with whom a husband charged with adultery associates or visits, or the reputation of a house visited by the wife charged with this ground for divorce. In this class of cases the character offered is that of a third person, not a party to the cause, and it may be material as bearing upon the guilt or innocence of the party charged as showing the probable purpose of the association or visit. See 1 Wigmore's Evidence, §68. The case of Sutton v. State, 124 Ga. 815, 53 S. E. Rep. 381, recognizes this distinction. To the same effect are Commonwealth v. Gray, 129 Mass. 474, 37 Am. Rep. 378, and State v. Eggleston, 45 Ore. 346, 77 Pac. Rep. 738.

The defendant offered also to prove what some one said several months after the separation. It is evident from the defendant's own statement that this occurrence

had nothing to do with the separation, which he attributes to the wife's going into the nearby town with a man as to whom there is no suggestion of criminal intimacy, or any act constituting a case for divorce.

We find no error of law, and we are entirely satisfied with the verdict rendered.

The judgment is affirmed.

SHACKLEFORD and ELLIS, JJ., concur.

TAYLOR, C. J., dissents.

WHITFIELD, J., absent by reason of illness.

TAYLOR, C. J. (*dissenting*)—I am unable to agree to the conclusion reached by the majority of the court in this case.

To two witnesses for the defendant, his counsel propounded the following question: "Do you know the general reputation of Luanny Land (the wife of defendant), for chastity in the community in which she lives?" But the trial judge sustained objections to these questions made by the State Attorney on the ground that said questions sought irrelevant and immaterial testimony, and the said witnesses were not permitted to answer the said questions, to which rulings exceptions were duly taken, and they are assigned as error. In my judgment the court below·erred in excluding the evidence sought by these questions. If the defendant could have shown the existence of any ground for divorce recognized by our statute, then under the proviso to the statute alleged to have been violated he was not amenable to prosecution or punishment for an infraction of such statute. Adultery is under our divorce laws a well recognized

ground for divorce, and the evidence sought by the excluded questions, *viz*:  That the wife's general character for chastity in the community in which she lived was bad, when coupled with other testimony introduced by the defendant showing the opportunity for adultery by her on three or four different occasions with three different men, tended strongly to prove the existence of that ground for divorce, and in my opinion was pertinent and admissible.  Sutton v. State, 124 Ga. 815, 53 S. E. Rep. 381; 1 Ency. Ev. pp 628 *et seq.;* Commonwealth v. Gray, 129 Mass 474, S. C. 37 Am. Rep. 378; 2 Corp. Jur. §§52, 53, p. 25; State v. Eggleston, 45 Ore. 346, 77 Pac. Rep. 738.  And my view is that the judgment of conviction should be reversed because of the exclusion of such evidence.