HORACE BROOKE, *Plaintiff in Error,* v. STATE OF FLORIDA,
*Defendant in Error.*

En Banc.

Opinion filed June 6, 1930.

1276

*Phillip E. Buck,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

ANDREWS, Commissioner:

The plaintiff in error, hereinafter referred to as the defendant, was indicted in the circuit court of Volusia County for a violation of Section 7654, Comp. Gen. Laws of Florida 1927, in that he deserted his wife and withheld from her means of support. A verdict of guilty as charged was returned and upon a motion for a new trial being denied, judgment and sentence was passed and entered against him, and the case is here for review upon writ of error.

Defendant contends that the indictment charges two distinct offenses: (1) Desertion of his wife and (2) withholding from her means of support. There was no motion to quash the indictment nor in arrest of judgment, but it is contended that the point is legally raised by the motion of defendant at the beginning of the trial to require the State to elect, as between two offenses charged in the single count of the indictment, upon which it would stand.

In the case of Stedman v. State, 80 Fla. 547, 86 So. R. 428, where the charge was for desertion of the wife in one count and a withholding of means of support from the wife and child in another count, it was held that while either the unlawful desertion, or the unlawful withholding of the means of support by a husband from his wife may be a distinct act and charged separately, yet where both are done by the same person at the same time and involve both the wife and a child, such conduct under the statute may be regarded as constituting one offense and charged in one count; the only difference being that as to the wife, his liability under the statute is contingent upon the non-existence of such cause or causes for his acts as may be recognized as a ground for divorce. See also Bradley v. State, 20 Fla. 738; Irvin v. State, 52 Fla. 51, 41 So. R. 785; also 14 R. C. L. 194, Section 40.

1278

In the case of Whitton v. State, 93 Fla. 97, 111 So. R. 514, wherein the desertion and the withholding of means of support were charged in separate counts, a general verdict of guilty of both was held valid.

No error was committed by the trial court in denying the motion.

We find it is necessary under the law heretofore announced by this Court to reverse this cause by reason of a total lack of evidence to support the verdict as to one of the issues of the case, to be noted later. We deem it necessary at this time to dispose of the point raised by brief of attorney general wherein it is suggested that that portion of the judgment and sentence providing that the defendant pay a fine of $500.00 and costs and that in default thereof he be "confined at hard labor in the State prison of the State of Florida, for and during a period of one year, sentence to begin from this date" (December 20, 1929), is void as to the alternative penalty of confinement in the State prison. It is also suggested that as the sentence was to "begin from this date," that by the time the case is remanded for proper judgment and another writ of error perfected and finally decided, "the term of the sentence will have expired." The reply brief of defendant apparently assumes that error has been confessed and expresses "a renewed faith in the administration of justice."

While the trial court, in providing that the defendant should "serve a year in the State prison" in default of the payment of the primary penalty of $500.00, committed error, it was only such error as would require a reversal as to that defect for the purpose of allowing the trial court to correct the judgment to comply with Section 8419, Comp. Gen. Laws of Florida 1927, which has been the law since the enactment of Chapter 4026, Laws of 1891, providing as follows:

"Whenever any court or judge shall, under the criminal laws of this State, sentence and adjudge a person to pay a fine, or a fine and costs of prosecution, such court or judge shall also provide in such a sentence a period of time for which such person shall be imprisoned in the county jail in default of payment of the same."

In other words, where the primary penalty imposed for a crime in this State is a fine, or a fine and cost of prosecution, the imprisonment for non-payment of such fine, or fine and costs, must be in the county jail and not in the State prison. Roberts v. State, 30 Fla. 82, 11 So. R. 536, (decided in 1892); Eggart v. State, 40 Fla. 527, 25 So. R. 144; Dean v. State, 41 Fla. 291, 26 So. R. 638, 79 A. S. R. 186; Clifton v. State, 76 Fla. 244, 79 So. R. 707; Sykes v. State, 78 Fla. 167, 82 So. R. 778. When a sentence is not in compliance with the above long established law, the judgment may be reversed and the cause remanded for a proper sentence. Smith v. State, 71 Fla. 639, 71 So. R. 915.

However, the provision in the judgment for the "sentence to begin from this date" not being in compliance with the law of this State can be treated as surplusage and as having no effect upon the valid portion, and, therefore, could not have the effect of causing the term of the sentence to expire before the case could be remanded and another appeal disposed of—assuming that the case is not reversible for another reason. The court fixes the penalty and the law fixes the beginning and expiration, unless more than one imprisonment sentence is passed upon the same defendant, in which case the trial court may provide that the period of imprisonment may run concurrently or consecutively. Wallace v. State, 41 Fla. 547, 26 So. R. 713. In the case of State v. Horne, this Court held:

"The law does not contemplate that the court in fixing the punishment shall also fix the beginning and ending of the period during which the imprisonment shall be suffered. The time fixed for executing a sentence, or for the commencement of its execution, is not one of its essential elements, and strictly speaking, is not a part of the sentence at all. The essential portion of the sentence is the *punishment*, including the *kind* of punishment and the *amount* thereof, without reference to the time when it shall be inflicted. The sentence, with reference to the kind of punishment and the amount thereof, should as a rule be strictly executed. But the order of the court with reference to the time when the sentence shall be executed is not so material. Expiration of time without imprisonment is in no sense an execution of the sentence." State v. Horne, 52 Fla. 125, 135 text, 42 So. R. 388, 7. L. R. A. (N. S.) 719.

The above principle of law is also quoted and followed in the later case of Terrell v. Wiggins, 55 Fla. 596, 46 So. R. 727, 127 A. S. R. 196.

The three points: (1) as to the duplicity of the indictment, (2) as to the alternative penalty, and (3) as to the power of a trial court to fix the time when a sentence should begin to run, should not be overlooked merely because the case may be finally disposed of adversely to the State upon another question.

In the case of Stedman v. State, *supra,* it was held that "withholding" means of support means something more than failure to support or "non-support." "It presupposes the existence of, or the ability to obtain, the means of support by the accused and need by the alleged dependent from whom support is withheld;" this case further

held that that which has no existence, actual or potential, cannot be withheld.

At common law, abandonment by or neglect of a husband to support his wife was not a criminal offense. Statutes, therefore, making such acts indictable and punishable as crimes, must be strictly construed. Statutes such as that under consideration are not substitutes for statutes affording civil remedies in such cases. Stedman v. State, *supra.*

It is true that the verdict included the charge of "desertion." In the case of Welch v. State, 69 Fla. 21, 67 So. R. 224, this Court said that the "desertion" of a wife and child "included withholding the means of support as a subdivision" and that "the word desertion conveys the idea of neglect of duty" and that "we cannot say that withholding means of support from a wife or child is not fairly and reasonably included in the concept of desertion of wife and child or children," and that "that the word desertion has a broader meaning than mere physical separation." See also Land v. State, 71 Fla. 270, 71 So. R. 279; Shippey v. Shippey, 97 Fla. 881, 122 So. R. 272. It is our view that a mere physical separation without the element of withholding means of support would not constitute the criminal offense defined by the statute involved here, although it necessarily may constitute a ground for divorce when continued obstinately for a period of one year. "The object, generally, of such statutes is to prevent the alleged dependents from becoming public charges." (Stedman v. State, *supra.*) Therefore the word "abandonment" would have been more appropriate to the intent of the Legislature than the word "desertion."

The burden is upon the State to prove every material allegation of the charge, and not upon the defendant to establish his innocence. In this case there is no substantial

evidence, direct or circumstantial, that defendant either had the ability to acquire means of support or ever at any time possessed or had in his control any substantial means of support either for himself or his wife; and this condition appears to have existed at the time and before he was married, which must have been well known to the wife as the testimony shows they had lived in the same community of DeLeon Springs in Volusia County for some time; and there is no proof that they ever established a residence anywhere else. This also disposes of the contention that there was no proof of venue as to the desertion or non-support.

For reasons already stated in this opinion, the judgment should be reversed.

PER CURIAM.—The record in this cause having been considered by the Court, and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the judgment of the court below should be and the same is hereby reversed.

TERRELL, C. J., AND WHITFIELD, ELLIS, STRUM, BROWN AND BUFORD, J. J., concur.