## Commonwealth v. Malak et al.

*P. G. Cober*, district attorney, for Commonwealth.
*J. C. Lowry* and *Thomas J. Itell*, for defendants.

BOOSE, P. J., December 30, 1933.—The above cases were tried together, resulting in verdicts of guilty in each case. In the first case the defendant (an unmarried woman) was convicted of fornication alleged to have been committed with the defendant in the second case. In the last case the defendant (a married man) was convicted of adultery, alleged to have been committed with the defendant in the former case. Both offenses having arisen out of the same act, acts, or conduct between the defendants, they were very properly tried together, because the guilt of either established the guilt of the other. Under the evidence, the jury could not have convicted one defendant and acquitted the other. Either they were both guilty of the offenses charged, or neither of them was guilty. Each defendant has filed a motion for a new trial, alleging identically the same reasons therefor. The only reason urged upon the oral argument of these motions is that the court erred in admitting in evidence proof of the commission of offenses by the defendants at times and places other that the specified time and place laid in the bills of indictment. Was this error?

Admittedly, the Commonwealth was permitted to prove, over the objections of the defendants' counsel, that the defendants had repeatedly committed acts of fornication and adultery, at various times and places within the jurisdiction of the court, all within 2 years prior to the findings of the bills of indictment, although not laid as specific offenses in the bill of indictment. This evidence was not admitted for the purpose of proving separate and distinct offenses, but for the purpose of showing their prior and subsequent conduct as tending to establish the fact in issue.

"Improper familiarities and adulterous acts between the same parties prior, or subsequent to, the act charged, but not too remote, or, if remote, connected with it so as to form a part of a continuous course of conduct, may be shown for the purpose of bringing out the relations and adulterous disposition of the defendant." Underhill, Criminal Evidence (2d ed.), 658, sec. 381; 2 Wharton's Criminal Law (12th ed.) § 2096; Commonwealth v. Nichols, 114 Mass. 285; Thayer v. Thayer, 101 Mass. 111.

Without citing further authorities, we may state that this question was squarely raised and decided by this court in the case of Commonwealth v. Scott et al., 1 Somerset 470. There Berkey, P. J., held that evidence as to the conduct and relations of defendants even outside of the Commonwealth was competent. The opinion in that case was amply supported by the cited authorities; and we have no inclination to depart from the ruling there made. We think it is supported by the great weight of the authorities.

*Decree*

And now, December 30, 1933, the motion for a new trial is refused in each of the above cases; and the defendants are directed to appear for sentence when called by the district attorney.

From Mrs. Daryle R. Heckman, Somerset, Pa.