[Filed December 22, 1885.]

## J. K. MISNER *v.* R. B. KNAPP ET AL.

WAGER CONTRACTS—TRIAL OF SPEED—PREMIUM.—A purse or prize offered for a horse that will trot in the best time less than a given speed is not a wager, as it lacks the element of chance of gain or risk of loss which characterizes the wager agreement; and a promise to pay it may be enforced.

PLEADING—FRAUD.—In pleading fraud, the facts constituting the fraud, or showing the manner of its perpetration, must be distinctly stated, so as to apprise the adverse party what is meant to be proved.

MULTNOMAH COUNTY. Defendants appeal. Reversed.

*A. H. Tanner,* for Appellants.

If the contract sued on was in the nature of a bet or wager, then the promise to pay it to the owner of the

winning horse was void, and no action will lie against
the appellants. The uniform tendency of the later
American decisions is to treat all gaming contracts and
all wagers as utterly void. (*Amory* v. *Gilman*, 2 Mass. 6;
*Wheeler* v. *Spencer*, 15 Conn. 30; *Irwin* v. *Williar*, 110
U. S. 499–510; *West* v. *Holmes*, 26 Vt. 530; *Winchester* v.
*Nutter*, 52 N. H. 507; *Wilkinson* v. *Tousley*, 16 Minn. 299.)
This was not a purse offered absolutely by the association
to the owner of the horse that should make the best time
in the race, but to " the owner of the horse that should
trot a mile in the best time less than two minutes and
twenty-five seconds." The association had a chance of
winning and retaining the purse offered, and the benefit
of the gate-money. This fact brings the transaction
clearly within the definition of a wager or bet. (*Schumates*
v. *Case*, 15 Gratt. 653.) No action will lie to recover the
amount of a wager. (*Waterman* v. *Buckland*, 1 Mo. App.
45; *Pickering* v. *Case*, 79 Ill. 328; *Lyon* v. *Culbertson*, 83
Id. 33; *Rumsey* v. *Berry*, 65 Me. 570; *Waters* v. *Hixen-
baugh*, 25 Pa. St. 131; *Chalfant* v. *Payton*, 91 Ind. 202;
*Hill* v. *Kidd*, 43 Cal. 615; *Gahan* v. *Neville*, 2 Id. 81.)
While in England it is held that wagers were not void
at common law, yet in this country all wagering con-
tracts are held to be illegal and void as against public
policy. (*Irwin* v. *Williar*, 110 U. S. 499, 510, and cases
cited; *Gridley* v. *Dorn*, 57 Cal. 78; *Wilkinson* v. *Tousley*,
16 Minn. 299; *Bledsoe* v. *Thompson*, 57 Am. Dec. 777;
*Willis* v. *Hoover*, 9 Or. 418; *Hill* v. *Kidd, supra; Irwin* v.
*Williar*; 110 U. S. 499; *North* v. *Phillips*, 89 Pa. St. 250;
*Waterman* v. *Buckland*, 1 Mo. App. 45; *James* v. *Jellison*,
94 Ind. 292.

*Charles H. Carey*, for Respondents.

"A purse, prize, or premium is ordinarily some valu-
able thing offered by a person for the doing of something

by others, into the strife for which he does not enter. He has not a chance of gaining the thing offered, but must certainly lose it." (*Harris* v. *White,* 81 N. Y. 532; *Alvord* v. *Smith,* 63 Ind. 58.) At common law, such contracts were not invalid unless affected with some special cause of invalidity. (*Ball* v. *Gilbert,* 12 Met. 397; *Clark* v. *Gibson,* 12 N. H. 386; *Campbell* v. *Richardson,* 10 Johns. 406; *Bunn* v. *Riker,* 4 Id. 426; S. C., 4 Am. Dec. 292; *Kirkland* v. *Raudon,* 8 Tex. 10; *Campbell* v. *Reeves,* 14 Id. 8.) And when no statutory prohibition intervenes, even a bet on a horse-race, a game of cards, or an election is not illegal. (*Scott* v. *Duffy,* 14 Pa. St. 18.) Some wagers are contrary to public policy on account of their subject-matter; e. g., a bet on the life of an individual. (*Hartley* v. *Rice,* 10 East, 22.) But such are not bets upon a horse-race, much less an offer of a premium by an agricultural society. (*Wheeler* v. *Friend,* 22 Tex. 683; *Johnson* v. *Fall,* 6 Cal. 359; S. C., 65 Am. Dec. 518; *Smith* v. *Smith,* 21 Ill. 244; S. C., 74 Am. Dec. 100; *Dewees* v. *Miller,* 5 Harr. (Del.) 347; *Delier* v. *Plymouth Co.,* 10 N. W. Rep. 872 (Iowa).

LORD, J.   This is an action to recover a purse alleged to have been offered by defendants to the owner of the horse that should trot a mile in the best time less than two minutes and twenty-five seconds, at City View Park. The complaint alleges that the defendants are associated under the name of the Northwestern District Agricultural Association, and that in the year 1883 they offered a "special purse" or prize of $250 to the owner of the horse that should trot a mile in the best time less than two minutes and twenty-five seconds, at the City View Park, in the said county, on the thirtieth day of September, 1883; that the plaintiff was the owner of a certain horse, which was duly entered by him for such race, in accordance

with the conditions and rules of the defendants' association, and that said horse did, in the manner and time prescribed by the association, and under the directions of the board of directors thereof, trot in said race a mile in less than two minutes and twenty-five seconds, to wit, in two minutes and twenty-four seconds; that it was the best time made in said race, and that the defendants failed and refused to pay, etc. The defendants filed a demurrer to the complaint, upon the ground of a want of facts to constitute a cause of action, which was overruled; and this is the first error relied upon by the defendants on the appeal.

The contention of the defendants is, that the purse offered was a bet or wager, and as such, the promise to pay it was void, and consequently no action will lie to enforce the payment of such promise. As this proposition assumes that the purse, prize, or premium offered was a bet or wager, it becomes necessary to ascertain the definition of a bet or wager. Bouvier defines a wager to be " a contract by which two parties, or more, agree that a certain sum of money, or other thing, shall be paid or delivered to one of them on the happening or not happening of an uncertain event." A bet is a wager; though a wager is not necessarily a bet. (*Cassard* v. *Hinman*, 1 Bosw. 212.) "A bet or wager," said Folger, J., is, " ordinarily, an agreement between two or more that a sum of money, or some valuable thing, in contributing which all agreeing take part, shall become the property of one, or some of them, on the happening in the future of an event at present uncertain; and the stake is the money or thing thus put upon the chance." (*Harris* v. *White*, 81 N. Y. 539.)

At common law, a wager constituted a good contract, unless it was contrary to public policy, morality, or the like. (Chit. Cont. 468.) All wagers, therefore, at com-

mon law, were not illegal. (*Da Costa* v. *Jones*, Cowp. 729; *Good* v. *Elliott*, 3 Term Rep. 693; *Bunn* v. *Riker*, 4 Johns. 427; S. C., 4 Am. Dec. 292.) It was not illegal, at common law, to make a bet or wager on a horse-race, and an action to recover a wager won has been maintained. (*Mc-Allester* v. *Haden*, 2 Camp. 438; *Blaxton* v. *Pye*, 2 Wils. 309; *Gibbons* v. *Gouverneur*, 1 Denio, 170; *Harris* v. *White*, 81 N. Y. 544; *Comly* v. *Hillegass*, 94 Pa. St. 132.) But by statute in England, and most if not all the states, all contracts by way of gaming or wagering are null and void. And the inquiry now is, whether, upon the admitted facts, the purse or prize offered comes within the meaning of a wagering contract.

Now, according to the definition of "wager," there must be two or more contracting parties, having mutual rights in respect to the money or other thing wagered, or, as sometimes said, "staked," and each of the parties necessarily risks something, and has a chance to make something, upon the happening or not happening of an uncertain event. But a purse or prize offered by a party, and to be awarded to the successful competitor in a contest in which such party does not engage, nor has any chance of gaining, but only perhaps of losing, is without the element of a chance of gain or a risk of loss which characterizes the wager agreement. The distinction has been stated thus:

"In a wager or a bet, there must be two parties, and it is known, before the chance or uncertain event upon which it is laid is accomplished, who are the parties who must either lose or win. In a premium or reward, there is but one party until the act or thing or purpose for which it is offered has been accomplished. A premium is a reward or recompense for some act done; a wager is a stake upon an uncertain event. In a premium it is known who is to give before the event; in a wager it is

not known until after the event. The two need not be confounded." (*Alvord* v. *Smith*, 63 Ind. 59.)

In *Harris* v. *White, supra*, Folger, J., makes this distinction: that in a bet or wager, "each party gets a chance of gain from others, and takes a risk of loss of his own to them," which is an ingredient that does not enter into "a purse or prize offered by a person for the doing of something by others, into the strife for which he does not enter," as "he has not a chance of gaining the thing offered; and if.he abide by his offer, that he must lose it, and give it over to some of those contending for it, is reasonably certain." There was no error in overruling the demurrer.

The next assignment of error is in sustaining the demurrer of the plaintiff to the new matter set up in the answer of the defendants. The ground of the demurrer was that the new matter pleaded did not constitute a defense. The answer set up in detail the rules and regulations of the society which governed in competing for any prize or purse upon the track of the association, etc., and the facts constituting the alleged fraud in entering an ineligible and disqualified horse under such rules and regulations. In support of the demurrer, it was claimed that the plaintiff was not bound to know what such rules and regulations were. But the answer to this is found in the complaint, in which the plaintiff alleges that the horse "was duly entered by him for such race, in accordance with the conditions and rules of the defendants' association," etc. It is also claimed that the facts constituting the fraud are not sufficiently specified. The rule is elementary, that in charging fraud the facts must be stated showing in what the fraud of the party consisted. It is not enough to indulge in a general accusation that a party acted fraudulently, or made fraudulent statements; but the facts constituting the fraud, or show-

ing the manner of its perpetration, must be distinctly stated, so as to apprise the adverse party what is meant to be proved, and afford him an opportunity to answer it, or to inform the court whose duty it is to declare the law arising upon the facts. The matter set up is not open to this objection. The facts showing in what the fraud of the plaintiff consisted, or how he was guilty of it, are distinctly specified and averred. It was error, therefore, to sustain the demurrer, and the judgment must be reversed.