'Argued May 5, decided May 20, 1913.

# GLEASON *v.* DENSON.

(132 Pac. 530.)

### Appeal and Error—Review—Questions of Fact.

1. Under Article VII, Section 3, of the Constitution, as amended November 8, 1910 (Laws 1911, p. 7), providing that in actions at law no fact tried by a jury shall be otherwise re-examined in any court of the state unless the court can affirmatively say there is no evidence to support the verdict, where, in an indorsee's action on a note, the evidence as to the sale and transfer of the note to him was contradictory, but was sufficient to go to the jury, the Supreme Court could not consider its weight or sufficiency.

### Evidence—Books of Account—Preliminary Evidence.

2. In an action on a note by an indorsee who claimed to have taken it in settlement of an account with the payee, where he produced a book of original entries containing the name of the payee and debits and credits which, excepting names and dates, consisted wholly of figures, it was proper to permit him to testify that such account showed the times when he loaned the payee money and the times when the payee paid it back, and thereupon to admit the book in evidence.

[As to admission of books of account in evidence, see notes in 11 Am. Dec. 732; 15 Am. Dec. 191; 138 Am. St. Rep. 441.]

### Bills and Notes—Actions—Evidence—Admissibility.

3. In an action on a note by an indorsee, who the makers sought to show was not the owner, evidence that the payee was indebted to a partnership composed of the indorsee and his brother was properly excluded as immaterial.

### Evidence—Declarations of Third Persons.

4. In an indorsee's action on a note, the declaration of the brother and partner of the indorsee as to the payee's indebtedness to the partnership was properly excluded as a declaration or admission of a person not a holder of the note or a party to the action.

### Bills and Notes—Actions—Evidence—Admissibility.

5. In an action on a note by an indorsee, where his ownership was disputed, evidence that subsequent to his alleged purchase it was in his possession and custody was competent.

### Trial—Instructions—Weight of Evidence.

6. Under the express provisions of L. O. L., Section 868, subdivision 4, it was proper to charge that the oral admissions of a party should be received by the jury with caution.

[As to admissions and confessions as evidence, see notes in 30 Am. Dec. 544; 46 Am. Rep. 253.]

Bills and Notes—Pleading—Defenses.

7. In an indorsee's action on a note, a denial that the note was assigned to plaintiff, or that he was the owner and holder, coupled with an allegation that the payee was still the owner and holder, did not raise the issue of a fraudulent assignment or assignment with intent to defraud creditors.

Pleading—Fraud—Sufficiency.

8. Where fraud is relied upon as a defense, the facts constituting the fraud should be pleaded.

[As to when fraud in delivery of a negotiable instrument is available as a defense, see note in 37 Am. St. Rep. 458.]

Trial—Instructions.

9. It was proper for the court to instruct the jury to give the case the consideration which they thought it entitled to and to return a verdict as soon as they could consistent with due deliberation and with their consciences as to the verdict that they should render; this being the duty of the jury in every case, and it not being improper for the court to remind them of it.

[As to what are proper subjects of instructions to jury, see note in 72 Am. Dec. 538.]

From Malheur: DALTON BIGGS, Judge.

Statement by MR. CHIEF JUSTICE McBRIDE.

This is an action by J. J. Gleason against T. A. Denson and Charles C. Cramer upon a promissory note. The complaint alleged that on April 11, 1912, the defendants executed in favor of one V. S. Green, or order, a promissory note for the sum of $225, with interest at the rate of 10 per cent per annum from date until paid, with provision for reasonable attorneys' fees in case of suit. It was further alleged that on the 8th day of May, 1912, the payee, Green, sold, assigned and delivered the note to plaintiff, who, at the commencement of this action, was the legal owner and holder thereof.

The defendants answered admitting the execution and delivery of the note, but denied that Green ever sold or transferred it to plaintiff, alleging that, at the commencement of the action, Green was still the owner and holder of the note, and that his pretended transfer was not in good faith. By a further answer the de-

fendants set up that on the 10th day of June, 1912, one
T. A. Barton commenced an action against Green, the
original payee of the note, to recover the sum of $120
and costs, and caused a writ of attachment and notice
of garnishment to be served upon T. A. Denson, who,
in obedience to the writ, paid the sum of $225 due on
the note over to the sheriff of Malheur County; that by
reason of the premises, if plaintiff should obtain judg-
ment against defendant Denson, he will be compelled
to pay a sum greatly in excess of what Denson owed
to Green, which sum was garnished as before stated;
that this action is brought to harass and annoy defend-
ant Denson, and not in good faith; that Green is now
the owner and holder of the note. The new matter in
the answer was traversed by the reply.

On the trial the plaintiff introduced evidence tending
to show a purchase and indorsement of the note for a
valuable consideration on the 8th day of May, 1912.
The defendants introduced evidence tending to show
an admission and declaration by Green and plaintiff
to the effect that Green was the owner and holder of
the note at the date of the Barton attachment. In the
course of the trial the plaintiff, to show the considera-
tion paid for the note, testified that at various times
he had advanced money to Green to the amount of $190,
and that on May the 8th he agreed with Green to give
him $35 cash and square Green's account for advances.
He stated that he figured up from an account-book
which he kept what Green was owing him, and found
that the same amounted to $190. He thereupon gave
him a check for $35 and squared the account. His
counsel asked him this question, ''What does that rec-
ord show?'' to which counsel for defendants objected
on the ground that the question was incompetent,
irrelevant and immaterial, and that the book was not
properly identified as a book of accounts. The objec-

tion was overruled, and the witness answered: "It shows the different times where I loaned Mr. Green money. He would be short buying hay and stuff, and he would come in and get some money, and then at times he paid back some money." To the question, "Does that show there when he paid the money back?" he replied: "Yes, it shows when he got the money and when he paid it back. We just kept books of when he got it and when he paid any back." The book was then offered in evidence, to which offer defendants objected. After preliminary questions by counsel and the court, the answers to which tended to show that it was a book of original entries made by plaintiff at the time of the transaction entered therein, it was admitted. The same witness was also asked this question, which was answered over defendants' objection that it was incompetent, irrelevant and immaterial, "Where was this note kept from the day that Mr. Green gave it to you on the 8th of May and the time you squared the accounts between you and Mr. Green, where was the note kept?" to which question witness answered that it was kept in the register of the Arlington Box. It also appeared that witness was one of the owners of the Arlington Box.

J. P. Commack, a witness for defendants, was asked by counsel for defendants, "Did he [referring to plaintiff's brother and partner] tell you that Green was in the debt of the firm of Gleason Bros.?" The court sustained an objection to this question, to which defendants' counsel excepted.

The court also gave the following instructions, to which defendants, by their counsel, excepted:

"If you find that the said V. S. Green transferred and indorsed the said note to plaintiff before notice of the attachment proceedings referred to in the answer, wherein T. A. Barton was plaintiff and V. S.

Green was defendant, then the plaintiff was the legal owner of the note at the time this action was commenced. That instruction, gentlemen, is simply this: If the transfer of this note was made by V. S. Green to this plaintiff without notice on the part of this plaintiff, actual notice on the part of this plaintiff of the attachment proceedings wherein Barton was plaintiff, Green was defendant, and this defendant here was the garnishee, then the plaintiff is the owner of the note, because that indorsement and transfer of the note would transfer the ownership to plaintiff, and there is no evidence in this case showing any retransfer; therefore the question of ownership in this case depends: First, on a valid transfer by V. S. Green to the plaintiff in this case; and, second, that, at the time of the transfer by Mr. Green to this plaintiff, the plaintiff had no notice of the attachment proceedings. If the contrary was true—that the plaintiff had notice of the attachment proceedings at the time of the transfer— then the transfer would be subject to any rights that the plaintiff might have obtained in that attachment proceeding. Therefore the ownership is governed by that question as to whether or not, at the time of the transfer of the note, the plaintiff in this case had actual notice of the attachment proceedings wherein Barton was plaintiff and Green was defendant and this defendant in this action was the garnishee. There has been some evidence here of admissions in this case, and I instruct you that oral testimony respecting verbal statements or admissions made by a party should be received by you with caution, for the reason that the party making his statement may not have clearly stated his own meaning, or the party receiving the statement may have gathered a wrong impression as to what the party making the statement intended to say. The court does not in any way have any right, gentlemen, to instruct you with regard to your deliberations any further than to say that I trust you will go out and give this case the consideration which you think it is entitled to, and return a verdict in here as

soon as you can, consistent with the due deliberation of the case and consistent with your conscience as to the verdict that you render. You may now retire with the bailiff." AFFIRMED.

Submitted on briefs without argument under the proviso of Rule 18 of the Supreme Court: 56 Or. 622 (117 Pac. xi).

For appellants there was a brief over the name of *Mr. George W. Hayes.*

For respondent there was a brief over the name of *Mr. Julien A. Hurley.*

Opinion by MR. CHIEF JUSTICE McBRIDE.

1. The evidence as to the sale and transfer of the note is contradictory, but as there was evidence introduced on behalf of plaintiff to that effect, which was sufficient to go to the jury, we are precluded from considering its weight or sufficiency: Article VII, Section 3, of the Constitution, as amended November 8, 1910 (Laws 1911, p. 7).

2. Unless there was some ruling or instruction of the court which prejudiced the substantial rights of the defendants, we must therefore hold that the transfer of the note was made on May 8, 1912. The book of account introduced in evidence accompanies the transcript. It appears to contain the name of Green, and his debits are on one page and credits on the other. Excepting names and dates, the writing consists wholly of figures. With the oral explanation made by the witness the entries become clear; without such explanation they would be meaningless. The questions asked witness were merely preliminary to the introduction of the book and were proper. With the explanation thus made, the book was properly admitted in evidence.

We cannot see how defendants were prejudiced by the answers to the questions objected to.

3, 4. The objection to the testimony of the witness Commack was properly sustained. By this question it was attempted to show that the brother and partner of plaintiff, who was not a party to the action, had stated that Green was indebted to Gleason Bros., who were not parties to the action. It was immaterial whether he was so indebted or not. The question was also incompetent because it called for a declaration or admission of a person not a holder of the note or a party to the action.

5. The question as to where the note was kept was proper under the pleadings. It was claimed in the answer that the plaintiff never, in fact, purchased or held the note, and it was not improper for him to show that he had bought it, taken it into his possession, and kept it in his custody.

6. The instruction in regard to oral admission was in accordance with subdivision 4 of Section 868, L. O. L., and was correct. Instruction No. 4 seems to state the law correctly.

7. There is no charge in the answer that the note was assigned with intent to defraud, or that it was taken with such intent. There is a denial that the note was assigned to plaintiff, and a further denial that plaintiff was the owner and holder, coupled with an allegation that Green was still the owner and holder of the note. This is not sufficient upon which to charge a fraudulent assignment or an assignment with intent to defraud creditors.

8. Where fraud is relied upon as a defense, the facts constituting such fraud should be pleaded: 16 Cyc. 231; *Misner* v. *Knapp,* 13 Or. 135 (9 Pac. 65, 57 Am. Rep. 6); *Hoyt* v. *Clarkson,* 23 Or. 51 (31 Pac. 198). There is therefore no issue raised in the pleadings as to a

fraudulent assignment of the note. The sole question for the jury to decide was whether there was a sale and transfer of the note before Barton's garnishment was served upon defendant Denson.

9. The last instruction of the court was not erroneous. The jury were directed to retire and give the case such consideration as they might think it was entitled to, and return a verdict as soon as consistent with due deliberation on the case, and consistent with their consciences as to the verdict they should render. This is the duty of a jury in every case, and it was not improper for the court to remind them of it.

The judgment is affirmed.        Affirmed.