Argued July 1, decided July 15, rehearing denied September 23, 1913.

## BEARD, AS EXECUTOR v. BEARD.

(133 Pac. 795.)

**Appeal and Error—Verdict—Review.**

1. Under Article VII, Section 3 of the Constitution, as amended (see Laws 1911, p. 7), providing that no fact tried by a jury shall be otherwise re-examined in any court unless the court can affirmatively say there is no evidence to support the verdict, a verdict based on conflicting evidence cannot be set aside on appeal.

**Witnesses—Transaction With Person Since Deceased.**

2. Where, in an action by an executor to recover certain stock certificates, plaintiff claimed that the stock had been assigned to defendant as part of decedent's general scheme to place his property in the names of other persons, and that defendant was not the real owner thereof, evidence of a conversation between decedent and defendant at the time certain money was deposited by defendant to the credit of a third person, and that such deposit was made to cover up a transaction of decedent, was admissible under Section 725, L. O. L., providing that it is within the discretion of the court to permit inquiry into a collateral fact, directly connected with the transaction in dispute and essential to its proper determination, or when it affects the credibility of a witness.

**Witnesses—Transaction With Person Since Deceased.**

3. Where an executor, suing to recover certain stock, claimed that it had been assigned to defendant, pursuant to a general scheme of decedent to place his property in the name of other persons, while defendant claimed he had taken the stock in payment of a $5,000 loan to testator, and defendant's deposition had been taken before trial, declarations by testator, showing a reason for placing the shares in the names of others, and an inventory in his handwriting in which the corporation's property was listed as his own, with a valuation thereof, was admissible under Section 732, subdivision 2, L. O. L., providing that when a party to an action by or against an executor appears as a witness in his own behalf, or offers evidence of statements made by decedent against his own interests, statements of decedent concerning the same matter in his favor may be also admitted.

**Appeal and Error—Harmless Error—Reception of Evidence—Evidence in Chief Proper in Rebuttal.**

4. The admission of testimony in chief, which is properly admissible in rebuttal, is a mere matter of order of proof, so that failure to follow the rule is at most a harmless irregularity, and not reversible error.

Discovery—Parties—Examination Before Trial—Deposition of Defendant.

5. Section 837, L. O. L., providing for the examination of an adverse party before trial by its express terms, authorizes the taking of the testimony of an adverse party by deposition at any time after service of the summons or the appearance of the defendant.

From Multnomah: JOHN P. KAVANAUGH, Judge.

Department 2.    Statement by MR. JUSTICE BEAN.

This is an action by S. Roscoe Beard, as executor of the estate of S. M. Beard, deceased, against A. Edgar Beard, to recover the possession of a certificate for 10 shares of stock in the Beard Fruit Company. It is alleged in the complaint that plaintiff, S. Roscoe Beard, was appointed as executor under the last will and testament of S. M. Beard, deceased, and that he duly qualified as such; that his coexecutors were removed by order of the County Court for Multnomah County, and that plaintiff thereupon became the sole executor of the estate; that as such executor plaintiff is the owner of and entitled to the immediate and exclusive possession of a certain certificate of stock issued by the Beard Fruit Company to S. M. Beard, deceased; that such certificate is within Multnomah County, Oregon, in the possession, custody and control of the defendant; that plaintiff demanded possession of the certificate from defendant, who failed and neglected to deliver the same.

Concerning plaintiff's ownership and right of possession of the certificate, an affirmative defense is set up to the following effect: That on June 22, 1903, defendant loaned S. M. Beard $5,000, taking from him a promissory note for that amount, bearing the same date, due on or before two years after date, with interest at 8 per cent; that as collateral security for such note, S. M. Beard pledged the certificate of stock in question with the defendant; that during the latter

part of 1906, the note for $5,000 being wholly unpaid, it was agreed between the defendant and S. M. Beard that the latter should assign and deliver the certificate of stock to the defendant in payment of the note and the amount due thereon, and that the defendant should surrender such promissory note; that pursuant to said agreement the certificate for said stock was indorsed by S. M. Beard and delivered to the defendant in payment of the promissory note, and the defendant surrendered and delivered such note to S. M. Beard; that by reason of this transaction the defendant became and now is the owner of the certificate of stock, and in the sole exclusive possession of the same. The allegations contained in the affirmative defense of defendant's answer were denied by the plaintiff's reply. The cause was tried before a jury, and a verdict returned in favor of the plaintiff, finding him to be the owner and entitled to the possession of the certificate of stock. Defendant appeals from the judgment entered upon such verdict.

The plaintiff's ownership and right of possession depend entirely upon the ownership and right of possession of S. M. Beard at the time of his death, January 8, 1910. Upon the trial the plaintiff introduced evidence to the following effect: The Beard Fruit Company was organized under the laws of Washington by S. M. Beard, Mary E. Beard, and the defendant, A. Edgar Beard. It was capitalized for $10,000 and its authorized stock divided into 100 shares, 10 of which were issued to S. M. Beard, 40 in the name of defendant, and 50 in the name of Mary E. Beard. Various fruit lands owned by S. M. Beard were conveyed to the corporation, and constituted the wealth of the company. Mrs. Mary B. Gray (*née* Beard) testified that upon her return from California in September, 1902, all three certificates of stock were

handed to her by S. M. Beard, to be kept for him until he should ask for them. This incident occurred in the bank at Vancouver. The three certificates were kept by her in an envelope marked "Beard Fruit Company" in her uncle's handwriting. Subsequent to that time she had possession of the certificates continuously until 1904, when defendant took them to Baker City. In the fall of 1905 she went to Baker, and upon her return in February, 1906, she brought back the certificates, and kept them in her possession until January, 1909. One evening at her home the defendant took the certificates, stating that he would place them in a vault where they would be safer than in her frame house. They remained in his possession until after the death of S. M. Beard.

Mrs. Gray's testimony in regard to the possession of the certificates was corroborated in the main by that of her husband, W. L. Gray, and by the written and oral statements of S. M. Beard, deceased. The certificate of stock in suit was issued originally to S. M. Beard. It is admitted that the plaintiff is the executor of the estate of S. M. Beard, deceased. Mrs. Gray's testimony was contradicted by Mrs. A. Edgar Beard, who states that she saw the certificates in the defendant's safe deposit box in June, 1908; by Charles L. Boss, who states that he saw one of the certificates in the defendant's possession at the office of Moline-Bain Company in 1902; by Mrs. Carrie E. Cadwell, one of the sisters; and by the defendant in every material particular.        AFFIRMED: REHEARING DENIED.

For appellant there was a brief over the names of *Griffith, Leiter & Allen* and *Mr. F. J. Lonergan,* with an oral argument by *Mr. Rufus A. Leiter.*

For respondent there was a brief over the name of *Snow & McCamant,* with an oral argument by *Mr. Wallace McCamant.*

MR. JUSTICE BEAN delivered the opinion of the court.

The defendant contends that the court erred: (1) In overruling the motion for a judgment of nonsuit, made by the defendant at the close of plaintiff's evidence; and (2) in overruling the motion for a directed verdict in favor of the defendant, made at the close of all the evidence. These assignments may be considered together.

1. We take up the final consideration of this case after the suit of *Gray* v. *Beard, ante,* p. 59 (133 Pac. 791). The history of the relations of the parties is contained in the opinion in the latter case to which reference may be made, and which need not be repeated here. The jury came to the same conclusion in the case at bar as we did in the equity suit, and upon much the same facts. There was a direct conflict in the evidence. Article VII, Section 3 of the Constitution, as amended (see Laws 1911, p. 7), provides that no fact tried by a jury shall be otherwise re-examined in any court of this state, unless the court can affirmatively say there is no evidence to support the verdict. However, we cannot so declare in this case. There was no error in submitting the cause to the jury.

It was the plaintiff's theory of the case, and the evidence tended to show, that in 1893 S. M. Beard, fearing that his property would be wrongfully taken from him, carefully planned and executed a transfer of the 10 shares of stock to the defendant in such a manner as to thoroughly conceal the true nature of the transaction; that in carrying out the plan, on June 15, 1903, he borrowed $5,000 from the Commercial Bank of Vancouver, giving his note therefor; that on June 22, 1903, a note for $5,000 in favor of defendant was signed by him, and purported to be secured by the 10 shares of capital stock of the Beard Fruit Company; that this note was never delivered, but that soon after its execu-

tion it was turned over by S. M. Beard to his niece, Mary B. Gray, in whom he had implicit confidence, who retained it until she produced it at the trial of this case; that to make the transaction more plausible, certificates of deposit were turned over by the defendant to the decedent, and the money used to pay the note of June 15, 1903. In this connection it is claimed by the plaintiff that on June 22, 1903, $3,000 of the $5,000 was deposited by A. Edgar Beard to the credit of W. L. Gray, Mrs. Gray's husband, during his absence; that upon Gray's return to the city he was apprised of what had been done, and told that it was to cover up some transaction of S. M. Beard. It appeared from a conversation between S. M. Beard and A. Edgar Beard at the time, as testified to by W. L. Gray, that the money belonged to S. M. Beard. The defendant objected and excepted to the introduction of evidence in regard to this transaction, and requested the court to instruct the jury to disregard it, which request was refused. The defendant assigns the admission and consideration of the same as errors.

2. The particular transaction in regard to the 10 shares of stock in question appears to have been a part of a general scheme of decedent to place this property in the name of other parties. The evidence relates to the very $5,000 matter by which the defendant claims ownership to the stock, and we think it is germane to the issues. The jury was entitled to the whole history of the deal under proper instructions. There was no error in admitting the evidence complained of. Section 725, L. O. L., provides that it is within the discretion of the court to permit inquiry into a collateral fact, when such fact is directly connected with the question in dispute, and is essential to its proper determination, or when it affects the credibility of a witness. It should be stated that it does

not appear and it is not claimed that S. M. Beard, deceased, transferred any of his property for the purpose of defeating any just claim against him.

3. The defendant objected and saved exceptions to the evidence of the declarations of S. M. Beard, tending to show a reason for placing the shares of stock in the names of other persons, and also to the introduction of an inventory in the handwriting of S. M. Beard, in which the Beard Fruit Company property was listed as S. M. Beard's property, with the valuation thereof. This evidence was admissible under Section 732, subdivision 2, L. O. L., providing that when a party to an action, suit or proceeding, by or against an executor or administrator, appears as a witness in his own behalf or offers evidence of statements made by deceased against the interest of the deceased, statements of the deceased concerning the same subject matter in his own favor may also be proven: See *Jones* v. *Hill,* 62 Or. 53 (124 Pac. 206).

4. This evidence, taken in connection with the other testimony and circumstances of the case, was material. It is objected that the same was introduced by the plaintiff as a part of his case in chief, before the defendant appeared as a witness. The deposition of the defendant had been taken in the case, and it was evidently understood that he would take the witness-stand in his own behalf, which he did. The admission of testimony in chief, which is properly admissible in rebuttal, is a matter of the order of proof. At most it was a harmless irregularity, and does not call for a reversal of the judgment: *Cashman* v. *Harrison,* 90 Cal. 297 (27 Pac. 283); *Nuckolls* v. *College of Physicians & Surgeons, etc.,* 7 Cal. App. 233 (94 Pac. 81).

5. The defendant complains because the plaintiff took the deposition of the defendant before the time of trial. Section 837, L. O. L., authorizes the testimony

of the adverse party to be taken by deposition at any time after the service of the summons or the appearance of defendant: *Wheeler* v. *Burckhardt,* 34 Or. 504 (56 Pac. 644).

We find no prejudicial error in the record. The judgment of the lower court is therefore affirmed.

AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.