Argued January 28, decided February 10, rehearing denied March 10, 1914.

## CASCIATO v. MASON.

(138 Pac. 841.)

**Contracts—Actions—Admissibility of Evidence.**

1. In an action for the balance of price for labor in grading a street, the testimony of a witness for plaintiffs that they had about 15 teams and 20 men on the work was admissible.

**Contracts—Actions—Admissibility of Evidence.**

2. In an action for labor in grading streets, testimony by plaintiff as to the balance due him on the estimates made was competent.

**Evidence—Parol Evidence Affecting Writings—Admissibility.**

3. In an action for the balance of price due for labor in grading city streets, testimony as to how contracts are carried on not only in this case but generally as to roughing out, and when they do the next work, was properly excluded on the ground that the contract was not ambiguous, and the evidence was not admissible to construe it.

[As to parol evidence to explain mercantile and other contracts, see notes in 6 Am. St. Rep. 678; 28 Am. St. Rep. 210.]

**Contracts—Actions—Admissibility of Evidence.**

4. In an action for the balance of price due for labor in grading streets, testimony of the engineer in charge of the work on cross-examination that the plaintiffs and other men were not asked to do anything that they declined to do was admissible.

Appeal and Error—Harmless Error—Decision Favorable to Appellant.

5. No error can be predicated on a decision favorable to the appellant on an objection to evidence.

Appeal and Error—Harmless Error—Decision Favorable to Appellant.

6. The defendant cannot complain on appeal if the decision of the jury against him was not as much in amount as it might have been.

Appeal and Error—Review—Questions of Fact—Verdict.

7. Article VII, Section 3, of the Constitution providing that the right of trial by jury shall be preserved, that no fact tried by a jury shall be otherwise re-examined unless the court can affirmatively say there is no evidence to support the verdict, that, till otherwise provided by law, either party to an appeal may have attached to the bill of exceptions the whole testimony, and that if the Supreme Court can determine what judgment should have been rendered it shall direct such judgment, does not authorize the Supreme Court, where the evidence supports the verdict, to retry the case and reach a conclusion of fact different from the verdict.

From Multnomah: HENRY E. McGINN, Judge.

Department 1. Statement by MR. JUSTICE BURNETT.

This is an action by N. Casciato and D. Ragnone against Archie Mason.

The substance of the plaintiffs' complaint is that they performed certain labor in grading some streets in the City of Portland for the defendant, in doing which they moved 23,746 yards of earth at a contract price of 20 cents per cubic yard, amounting in all to $4,749.20, of which only $3,088.70 have been paid, leaving a balance of $1,660.50. Something is said in the complaint about $710.66 of this amount being retained by the defendant as security for the completion of the work; but in the state of the record that question is immaterial.

The substance of the defense is that the plaintiffs did not perform the contract under which the work was done, so that the defendant was compelled to and did expend for the completion of the work, as required, a much larger sum than would have been due to the plaintiffs had they performed their contract as agreed.

The new matter of the answer was traversed by the reply. A jury trial resulted in a verdict in favor of

the plaintiffs in the sum of $1,071. From judgment thereon in favor of the plaintiffs, the defendant appeals.              AFFIRMED: REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. James N. Davis.*

For respondents there was a brief over the name of *Messrs. Westbrook & Westbrook,* with an oral argument by *Mr. J. W. Westbrook.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The bill of exceptions contains five assignments of error, which are here considered *seriatim:*

1. A witness for plaintiffs was asked this question: "About how many teams and men did you have on that work?" He answered: "Oh, about 15 teams and 20 men." This testimony was objected to by defendant on the ground that it was immaterial, but the objection was overruled. It is not apparent under the issues that any error was committed in this ruling. It was *apropos* to the description of the work done by the plaintiffs.

2. Error is predicated on the question asked of one of the plaintiffs, testifying in his own behalf, if there was any balance due him on the estimates made. The defendant objected to this as irrelevant, incompetent and immaterial. The court overruled the objection. The answer is not disclosed by the bill of exceptions; but, in any event, it would be competent for a witness to give the result of a computation on accounts.

3. A witness for the defendant was asked this question: "Now, in your experience, state about how these contracts are carried on, not only in this case, but generally, as to the roughing out, and when they do the

next work after that, and so forth; what is the fact about that?" The plaintiffs objected for the reason that the question was irrelevant, incompetent and immaterial; but the objection was sustained by the court on the basis that there was no ambiguity about the contract and that this evidence was not admissible to construe that which was already plain. There was no error in this assignment.

4. The defendant urged irrelevancy, incompetency and immateriality to this question asked on cross-examination of the engineer in charge of the work:

"Did you at any time from the time you took charge of that work there until they quit work there on that street, was Jimmie or Mr.. Casciato or Mr. Ragnone or their men asked to do anything that they declined to do?"

The court overruled the objection to the witness' answer:

"I do not remember that they did."

This testimony tended to show the attitude of the parties toward the performance of the work by the plaintiffs and that all had complied with the requirements of their contract.

5. The next assignment is based upon this question propounded to a witness for the defendant on direct examination:

"Can you tell approximately the amount of expenditures you made in August, I mean the expenditures made by the defendant during the month of August, 1912?"

The bill of exceptions shows that the court overruled the objection of plaintiffs to this question. No error can be predicated by the defendant upon this decision in his own favor.

The remainder of the bill of exceptions consists in the narration of a colloquy between the court and

counsel on both sides, but fails to disclose that either party made any objection to the remarks of the court or of counsel for the other litigant. That document states also that the defendant filed a motion to reduce the judgment by the sum of $710, the amount retained by the defendant under the terms of the contract to insure the completion of the same, because, in failing to find the full amount demanded by the plaintiffs, the jury must have determined that they had not completed the contract, with the consequence that the defendant was entitled to retain the security; but the court overruled the motion. The record, however, fails to disclose any exception to the ruling of the court.

6. The foregoing is a full narration of the substance of the bill of exceptions. In our judgment no error in the proceedings of the court is disclosed thereby. A verdict for the plaintiffs was well within the issues raised by the pleadings, and the defendant cannot complain if the decision of the jury was not as large in amount as it might have been.

7. There was no motion for a nonsuit or for a directed verdict, and, in view of the record, it is not apparent how either of such motions could have been entertained. It is argued in the brief, however, that we should take the full report of the testimony accompanying the bill of exceptions and in effect, under Article VII, Section 3, of the state Constitution, retry the case ourselves on the evidence thus adduced, and reach a conclusion of fact different from that returned by the jury in the verdict. We cannot properly do this, for it would be to invade the province of the jury and emasculate the institution of trial by that method which the Constitution of the state, even in its amended form, declares must be preserved. Reduced to its lowest terms, the essence of the defendant's grievance

is that the jury believed the witnesses for the plaintiffs instead of relying upon the testimony for the defendant. We cannot interfere in such cases: *State* v. *Rader,* 62 Or. 37 (124 Pac. 195); *State* v. *Hardin,* 63 Or. 305 (127 Pac. 789); *Silverton* v. *Brown,* 63 Or. 418 (128 Pac. 45); *Love* v. *Chambers Lbr. Co.,* 64 Or. 129 (129 Pac. 492); *Gleason* v. *Denson,* 65 Or. 199 (132 Pac. 530); *Sullivan* v. *Wakefield,* 65 Or. 528 (133 Pac. 641); *Zobrist* v. *Estes,* 65 Or. 573 (133 Pac. 644); *Beard, as Executor,* v. *Beard,* 66 Or. 526 (133 Pac. 795); *Domurat* v. *O. W. R. & N. Co.,* 66 Or. 135 (134 Pac. 313); *Frederick* v. *Bard,* 66 Or. 259 (134 Pac. 318).

The judgment must be affirmed.

AFFIRMED: REHEARING DENIED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE MOORE and MR. JUSTICE RAMSEY concur.