LAS VEGAS HACIENDA, INC., A NEVADA CORPORATION, APPELLANT, *v.* GEORGE GIBSON, RESPONDENT.

No. 4319

February 3, 1961                    359 P.2d 85

(Petition for rehearing denied March 2, 1961.)

*Calvin C. Magleby,* of Las Vegas, for Appellant.

*C. Norman Cornwall,* of Las Vegas, for Respondent.

**O P I N I O N**

By the Court, MCNAMEE, J.:

Respondent commenced this action in the lower court to recover the sum of $5,000 based on the following transaction.

Appellant made a public offer to pay $5,000 to any person who, having paid 50 cents for the opportunity of attempting to do so, shot a hole in one on its golf course. There were certain specified conditions in connection with said offer.

The lower court found from the evidence that the respondent complied with said conditions, that he shot a hole in one, and that appellant refused to abide by its offer. It further determined that this transaction was a valid contract enforceable at law and not a gambling contract. Judgment was entered in favor of respondent in the sum of $5,000 plus interest and costs. Appeal is from said judgment.

On this appeal we are not concerned with any factual matters, the lower court properly having resolved such matters in favor of respondent.

Appellant specified the following two errors:

1. The court below erred in not holding that the alleged contract on which the action is based was a wagering contract and therefore unenforceable.

2. The court below erred in finding that the shooting of a "hole in one" is a feat of skill and not a feat of chance.

Although gambling, duly licensed, is a lawful enterprise in Nevada (Nevada Tax Commission v. Hicks, 73 Nev. 115, 310 P.2d 852), an action will not lie for the collection of money won in gambling. Weisbrod v. Fremont Hotel, 74 Nev. 227, 326 P.2d 1104. It is therefore necessary to determine whether the transaction between appellant and respondent in this case constituted a gaming contract.

It is generally held, in the absence of a prohibitory statute, that the offer of a prize to a contestant therefor who performs a specified act is not invalid as being a gambling transaction. Porter v. Day, 71 Wis. 296, 37 N.W. 259. The offer by one party of specified compensation for the performance of a certain act as a proposition

to all persons who may accept and comply with its conditions constitutes a promise by the offeror. The performance of that act is the consideration for such promise. The result is an enforceable contract. Robertson v. United States, 343 U.S. 711, 72 S.Ct. 994, 96 L.Ed. 1237. There is no statute in Nevada prohibiting such offers.

A prize or premium differs from a wager in that in the former, the person offering the same has no chance of gaining back the thing offered, but, if he abides by his offer, he must lose; whereas in the latter, each party interested therein has a chance of gain and takes a risk of loss. Toomey v. Penwell, 76 Mont. 166, 245 P. 943; Pompano Horse Club v. State, 93 Fla. 415, 111 So. 801, 52 A.L.R. 51.

Ballentine's Law Dictionary, 2d Ed., p. 1002, defines premium as "a reward or recompense for some act done. It is known who is to give before the event. It is not to be confounded with a bet or wager, for in a wager, it is not known who is to give until after the event."

Misner v. Knapp, 13 Ore. 135, 9 P. 65, 66, was an action to recover the sum of $250 offered by defendants to the owner of a horse that should trot a mile in the best time, less than two minutes and twenty-five seconds at City View Park, it being alleged therein that plaintiff complied with the terms and conditions specified. The contention of defendants that the purse offered was a bet or wager and that no action would lie to enforce the payment thereof was held to be without merit, the court saying:

"Now, according to the definition of 'wager,' there must be two or more contracting parties, having mutual rights in respect to the money or other thing wagered, or, as sometimes said, 'staked,' and each of the parties necessarily risks something, and has a chance to make something upon the happening or not happening of an uncertain event. But a purse or prize offered by a party, and to be awarded to the successful competitor in a contest in which such party does not engage, nor has any

chance of gaining, but only, perhaps, of losing, is without the element of a chance of gain or a risk of loss which characterizes the wager agreement. The distinction has been stated thus:

" 'In a wager or a bet, there must be two parties, and it is known, before the chance or uncertain event upon which it is laid or accomplished, who are the parties who must either lose or win. In a premium or reward there is but one party until the act or thing or purpose for which it is offered has been accomplished. A premium is a reward or recompense for some act done; a wager is a stake upon an uncertain event. In a premium it is known who is to give before the event; in a wager it is not known until after the event. The two need not be confounded.' Alvord v. Smith, 63 Ind. 58."

The fact that each contestant is required to pay an entrance fee where the entrance fee does not specifically make up the purse or premium contested for does not convert the contest into a wager. Toomey v. Penwell, supra.

Inasmuch as the contesting for a prize offered by another, which the one offering must lose in the event of compliance with the terms and conditions of his offer is not gambling, it was not error to hold that the said contract was valid and enforceable.

Whereas we have concluded that the contract does not involve a gaming transaction, consideration of appellant's second assignment of error, that the lower court erred in finding that the shooting of a "hole in one" was a feat of skill, becomes unnecessary. We do wish to state, however, that the record contains sufficient evidence to sustain the court's finding in this regard. Appellant insists, however, that the testimony of one Capps, a golf professional, precludes such a finding. He testified that luck is a factor in all holes in one where skill is not

always a factor. He further testified that "a skilled player will get it (the ball) in the area where luck will take over more often than an unskilled player."

The test of the character of a game is not whether it contains an element of chance or an element of skill, but which is the dominating element. People ex rel. Ellison v. Lavin, 179 N.Y. 164, 71 N.E. 753, 66 L.R.A. 601. It was within the province of the trial court to determine this question. Brown v. Board of Police Commissioners, 58 Cal.App.2d 473, 136 P.2d 617.

Affirmed.

BADT, C. J., and PIKE, J., concur.