422 P.2d 524

**Amy J. WALTERS, Plaintiff and Appellant,**

v.

**NATIONAL BEVERAGES, INC., a corporation, and Streator Chevrolet Company, a corporation, Defendants and Respondents.**

No. 10582.

Supreme Court of Utah.

Jan. 18, 1967.

Allen M. Swan, Salt Lake City, for appellant.

Earl D. Tanner, Raymond W. Gee, J. Reed Tuft, Salt Lake City, for respondents.

TUCKETT, Justice:

The plaintiff has brought this action against the defendants, claiming that she and the defendants entered into a contract, and that the defendants breached that contract. The plaintiff seeks to recover the reasonable value of the 1965 automobile to

which she claims she is entitled as a result of the contract.

The court below granted a motion for summary judgment of no cause of action against the plaintiff. She has appealed to this court, seeking a reversal of the court's judgment.

The facts are not in dispute. As a part of a sales promotion program, the defendants offered to the public certain prizes to be awarded in a contest known as "Pepsi-Cola-Streator Chevrolet Sweepstakes." The entry forms were available to the public without cost. The contest form was to be filled out and deposited in a barrel at the Streator Chevrolet place of business in Salt Lake City. The first prize was a Chevrolet Corvair automobile; the second prize a colored television set; the third prize a portable television set; as fourth and fifth prizes, a choice of a $100 gift certificate redeemable at two different stores in Salt Lake City, "plus the next 20 winners each receive 12 cases of Pepsi-Cola."

The various rules of the contest were printed on the reverse side of the entry form. The only rule that is pertinent to these proceedings is No. 4, which reads as follows: "Winners will be selected by a drawing to be held at Streator Chevrolet, 3:00 p. m., Saturday, November 28, 1964. Winners need not be present to win."

Plaintiff had deposited many stubs from entry forms at Streator Chevrolet Company. The entry forms were completely filled out and printed as required by the contest rules and contained the Pepsi-Cola seven-word slogan as required. No order of drawing was announced by the defendants prior to the close of the contest, but on Saturday, November 28, 1964, afer the close of the contest, a sign was displayed in the Streator Chevrolet showroom setting forth the order in which the prizes would be drawn. The order of drawing as displayed provided that the first tickets would receive 12 cases of Pepsi-Cola each. The ticket to receive the Chevrolet automobile, which had been offered as the first prize, was to be drawn last.

At the time of the drawing the first qualified ticket to be drawn from the barrel was that of the plaintiff. The plaintiff contends that her number being the first qualified number drawn from the barrel entitles her to the first prize, which was the automobile. Plaintiff bases her claim upon the wording of the offer made by the defendants as set forth in their advertising of the sweepstakes. The offer listed the automobile as the first prize, the television sets as the second and third prizes, the gift certificates as fourth and fifth prizes and continues as follows: "plus—the next 20 winners each receive 12 cases of Pepsi-Cola."

We are in accord with the general rule that in prize-winning contests, such as we are dealing with in this case, where an offer or promise is made in exchange for an act to be performed on the part of the contestant, the performance of that act is an acceptance of the offer and results in a binding contract.[1] However, in this case it is quite clear that the defendants by their offer contained in the entry forms did not offer to conduct the drawing in any specified order. So long as the drawing was conducted fairly as to all contestants, we are of the opinion that the plaintiff had no reason to insist that the first number drawn should receive the first prize.

The foregoing disposition of this case renders it unnecessary for us to consider the question of the legality of the contract.

We are of the opinion that the decision of the court below is correct, and it is affirmed. Costs to respondent.

CROCKETT, C. J., and CALLISTER and HENRIOD, JJ., concur.

McDONOUGH, J., heard the arguments but died before the opinion was filed.

---

1. Las Vegas Hacienda, Inc., v. Gibson, Feb. 3, 1961, 77 Nev. 25, 359 P.2d 85, 87 A.L.R.2d 645; Anno. 87 A.L.R.2d 661.